PEOPLE v DANIEL

Docket No. 140603. Submitted May 18, 1994, at Detroit. Decided September 20, 1994, at 9:05 A.M. Leave to appeal sought.

Hank H. Daniel was convicted by a jury in the Macomb Circuit Court, Frank E. Jeannette, J., of possession with intent to deliver less than fifty grams of cocaine, conspiracy to possess with intent to deliver less than fifty grams of cocaine, maintaining a drug house, conspiracy to maintain a drug house, and possession of a firearm during the commission of a felony. The defendant was sentenced to concurrent prison terms of sixteen to twenty-four months for the drug-house convictions, to be served consecutively to concurrent prison terms of five to twenty years for the cocaine convictions, and the mandatory consecutive sentence of two years for the felony-firearm conviction. The defendant appealed.

The Court of Appeals *held:*

1. The defendant's convictions were supported by the great weight of the evidence and did not result in manifest injustice. Accordingly, the trial court properly denied both the defendant's motion for a new trial and his motion for a directed verdict.

2. Because the defendant's trial took place more than six months but less that eighteen months after his arrest and incarceration, the defendant's claim of denial of a speedy trial was properly the subject of further investigation, but the burden was on the defendant to prove prejudice from the delay. The defendant failed to establish that he was prejudiced by the delay.

3. The trial court properly denied the defendant's motion to suppress as evidence the cocaine found when he was searched following his arrest, the search having been a reasonable incident to his lawful arrest.

4. The district court did not abuse its discretion by binding over the defendant on the felony-firearm charge, there being

REFERENCES

Am Jur 2d, Criminal Law §§ 19, 28, 552.

See ALR Index under Concurrent and Consecutive Sentences; Felonies.

sufficient evidence from which it could be inferred that the defendant rather than his brother was in possession of the rifle found near the defendant at the time of his arrest.

5. The defendant's claim that he should not have been tried with his codefendants was not preserved for appellate review. Further, because the defenses were not antagonistic, the defendant was not entitled to a separate trial.

6. The trial court's instruction to the jury concerning possession was not erroneous.

7. The record fails to support the defendant's contention that the jury could have marked inadvertently the wrong offense on the verdict form, the jury foreman having read into the record the verdict concerning each count and the jury having been polled.

8. The defendant's minimum sentences, being within the recommended minimum sentence range, are presumptively proportionate, and the defendant has pointed to no factor to overcome the presumption.

9. A drug-house conviction under MCL 333.7405(d); MSA 14.15(7405)(d), although designated a two-year misdemeanor, MCL 333.7406; MSA 14.15(7406), may be considered a felony for the purpose of the consecutive sentencing provision of the controlled substances article of the Public Health Code. Accordingly, the trial court properly ordered that the sentences for the drug-house convictions be served consecutively to the sentences for the possession convictions.

10. The record fails to support the defendant's claim that he was denied a fair trial by misconduct of the prosecution and its witness. None of the claimed incidents of misconduct resulted in prejudice that would deny the defendant a fair trial.

11. The trial court did not abuse its discretion in allowing the police officer who observed the defendant approach several vehicles outside the drug house to testify concerning his perception of the significance of those events.

12. The record fails to support the defendant's contention that he was denied effective assistance of counsel.

Affirmed.

CRIMINAL LAW — CONTROLLED SUBSTANCES — FELONIES — MISDE-
MEANORS — CONSECUTIVE SENTENCES.

The offense of maintaining a drug house, although designated in the Public Health Code as a misdemeanor punishable by up to two years in prison, may be considered a felony for the purpose of the consecutive sentencing provision of the controlled substances article of the Public Health Code (MCL 333.7401[3],

333.7405[d], 333.7406; MSA 14.15[7401][3], 14.15[7405][d], 14.15[7406]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Carl J. Marlinga,* Prosecuting Attorney, *Robert J. Berlin,* Chief Appellate Lawyer, and *Mark G. Cardellio,* Assistant Prosecuting Attorney, for the people.

*Lawrence S. Katz,* for the defendant.

Before: REILLY, P.J., and WAHLS and M. A. CHRZANOWSKI,* JJ.

PER CURIAM. Following a jury trial, defendant was convicted of possession with intent to deliver less than fifty grams of cocaine and conspiracy to commit the same offense, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), MCL 750.157a; MSA 28.354(1), maintaining a drug house and conspiracy to commit the same offense, MCL 333.7405(d); MSA 14.15(7405)(d), MCL 750.157a; MSA 28.354(1), and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to concurrent prison terms of sixteen to twenty-four months for the drug-house convictions to be served consecutively to concurrent prison terms of five to twenty years for the cocaine convictions. He was also sentenced to a mandatory two-year prison term for felony-firearm to run consecutively to the cocaine sentences. Defendant appeals as of right. We affirm.

Defendant first contends that the jury's verdicts were against the great weight of the evidence and that the trial court erred in denying his motion for a new trial. We disagree.

After reviewing the record, we conclude that the

* Circuit judge, sitting on the Court of Appeals by assignment.

trial court did not abuse its discretion in denying defendant's motion, because the convictions are supported by the great weight of the evidence and did not result in manifest injustice. *People v DeLisle,* 202 Mich App 658, 661; 509 NW2d 885 (1993). The case against defendant and his codefendants arose from a lengthy narcotics investigation conducted by the County of Macomb Enforcement Team. During the surveillance, defendant was observed conducting four suspected drug transactions. After obtaining a search warrant, the police officers approached the apartment and saw defendant's brother, Paul Daniel, standing on the porch with a short-barreled shotgun. Upon seeing them, Paul fled into the apartment, and the interior lights were immediately extinguished. Within seconds, several officers entered the apartment through the balcony and front door. As they entered, officers standing outside the building saw the window screens of two windows being pushed out, and vials containing cocaine were thrown from the windows. The barrel of a gun was then seen pointing out the north window. Defendant was found lying underneath the north bedroom window, and a rifle was lying on the floor approximately five feet away from him. A subsequent search of defendant revealed that he had fifteen rocks of crack cocaine in his possession. The police also discovered a container of baking soda, a digital scale, and weapons, including assault rifles and three pipebombs, inside the apartment. Contrary to defendant's claim that he was merely present in the apartment and had no involvement in the activity conducted therein, we believe that the evidence clearly supports the verdicts against defendant.

We also reject defendant's claim that the trial court erred in denying his motion for a directed

verdict. Viewed in a light most favorable to the prosecution, the evidence was sufficient for a rational trier of fact to conclude that defendant possessed and conspired to possess cocaine with intent to deliver, maintained and conspired to maintain a drug house, and was in possession of the rifle at the time of the raid. *People v Wolfe,* 440 Mich 508, 513-516; 489 NW2d 748 (1992); *Wayne Co Prosecutor v Recorder's Court Judge,* 406 Mich 374, 397-398; 280 NW2d 793 (1979); *People v Williams (After Remand),* 198 Mich App 537, 541; 499 NW2d 404 (1993); *People v Cotton,* 191 Mich App 377, 392-393; 478 NW2d 681 (1991).

Next, defendant argues that he was denied his constitutional right to a speedy trial, US Const, Am VI; Const 1963, art 1, § 20. We disagree.

A delay of six months is necessary to trigger further investigation when a defendant raises a speedy trial issue. In determining whether a defendant was denied a speedy trial, this Court considers the length of the delay, the reason for the delay, defendant's assertion of the right to a speedy trial, and any prejudice to defendant. *Barker v Wingo,* 407 US 514, 530; 92 S Ct 2182; 33 L Ed 2d 101 (1972); *People v O'Quinn,* 185 Mich App 40, 47; 460 NW2d 264 (1990). Here, defendant was arrested and incarcerated on January 16, 1990. Defendant demanded a speedy trial on January 8, 1991, and his trial subsequently commenced on February 26, 1991. Because the delay was less than eighteen months, the burden is on defendant to prove prejudice resulting from the delay. *Id.* at 48. However, defendant has failed to explain how he was prejudiced by the delay. Therefore, we conclude that defendant was not denied a speedy trial.

Next, defendant claims that the trial court erred in denying his motion to suppress as evidence the

cocaine in his possession on the ground that the search was illegal because the search warrant did not include his name. We disagree. Once inside the apartment, the police had probable cause to arrest defendant on the basis of their observations and the drugs, weapons, and paraphernalia found inside. Therefore, the search of defendant was reasonable as being incident to a lawful arrest and thus not subject to the warrant requirement. *People v Arterberry,* 431 Mich 381, 383-384; 429 NW2d 574 (1988). Accordingly, the trial court did not clearly err in denying defendant's motion to suppress the evidence. *People v Shields,* 200 Mich App 554, 556; 504 NW2d 711 (1993).

Defendant also argues that the district court abused its discretion by binding over him on the felony-firearm charge. We disagree. The evidence adduced at the preliminary examination established that before the police raided the apartment, a gun was pointing out from a bedroom window and that vials of cocaine were being tossed outside. The officers testified that, once inside, they found defendant lying underneath the bedroom window and a rifle lying on the floor approximately five feet away from him. Defendant's brother, Peter L. Daniel, was also lying on the floor two feet from the rifle. Because the rifle was seen pointing out the window and defendant was discovered underneath the window, a reasonable inference could be drawn that defendant was the person holding the rifle before the raid. The fact that the gun was lying closer to Peter Daniel does not negate the inference that defendant was in possession of the rifle. Clearly, the rifle was accessible and available to defendant at the time the crime was committed. *Williams, supra.* Accordingly, the trial court properly denied defendant's motion to quash the infor-

mation. *People v Flowers,* 191 Mich App 169, 174; 477 NW2d 473 (1991).

Defendant's claim that he should not have been tried with his codefendants was not preserved. Failure to move for a separate trial precludes appellate review. *People v Hoffman,* 205 Mich App 1, 19; 518 NW2d 817 (1994). Moreover, because the defenses were not antagonistic, defendant was not entitled to a separate trial. *People v Hurst,* 396 Mich 1, 4; 238 NW2d 6 (1976).

Next, defendant claims that the jury instruction regarding possession was erroneous. This Court reviews jury instructions in their entirety to determine if there is error requiring reversal. *People v Caulley,* 197 Mich App 177, 184; 494 NW2d 853 (1992). The instructions must include all elements of the charged offense and must not exclude material issues, defenses, and theories, if there is evidence to support them. *Id.* Even if the instructions are imperfect, there is no error if they fairly presented the issues to be tried and sufficiently protected the defendant's rights. *Id.; People v Davis,* 199 Mich App 502, 515; 503 NW2d 457 (1993).

After reviewing the instructions, we find no error. Although possession is not defined under the controlled substance act, the instruction properly explained the term as it has been defined by case law. *People v Wolfe,* 440 Mich 508, 517; 489 NW2d 748 (1992); *People v Davenport,* 39 Mich App 252, 257-258; 197 NW2d 521 (1972). Contrary to defendant's assertion, the trial court instructed the jury to find an independent factor linking defendant to the narcotics and that mere association was not sufficient to find him guilty. *Id.*

We also find no merit in defendant's contention that the jury could have marked inadvertently the wrong offense on the verdict form because the list of charges was not in the same order as his code-

fendants' verdict forms. The foreman read the verdict concerning each count into the record, and, subsequently, the jury was polled. Moreover, defendant's issue that the jury was polled improperly is waived because he failed to object below. *People v Todd,* 186 Mich App 625, 633; 465 NW2d 380 (1990).

Defendant next contends that his sentences are disproportionate to his background and the circumstances of the offense. We disagree.

Defendant's sentences are within the sentencing guidelines' recommended minimum sentence range of eighteen to sixty months. Therefore, they are presumptively proportionate. *People v Milbourn,* 435 Mich 630, 636; 461 NW2d 1 (1990); *People v Dukes,* 189 Mich App 262; 471 NW2d 651 (1991). Moreover, the factors cited by defendant, i.e. his employment, lack of criminal history, and minimum culpability, are not unusual circumstances that would overcome that presumption. *Milbourn, supra.* Accordingly, the court did not abuse its discretion in rendering the sentences.

Furthermore, defendant claims that the trial court improperly ordered his sentences for the cocaine convictions to run consecutively to his sentences for the drug-house convictions, because the latter convictions are misdemeanors. We disagree.

A consecutive sentence may be imposed if specifically authorized by statute. *People v Chambers,* 430 Mich 217, 222; 421 NW2d 903 (1988). MCL 333.7401(3); MSA 14.15(7401)(3) clearly mandates that the prison term for any controlled substance offenses under subsection 2(a) shall run consecutively with any prison term imposed for another "felony." *People v Cline,* 190 Mich App 1, 2; 475 NW2d 362 (1991). MCL 333.7406; MSA 14.15(7406) designates the knowing and wilful maintenance of

a drug house in violation of § 7405 as a misdemeanor punishable by a maximum sentence of two years' imprisonment. The issue is whether the misdemeanor may be considered another "felony" under the consecutive sentencing provision.

In construing a statutory provision, courts are required to ascertain and give effect to the purpose and intent of the Legislature by examining the provisions in question. *People v Smith,* 423 Mich 427, 441; 378 NW2d 384 (1985). The statutory words must be considered in light of the general purpose to be accomplished. *Id.* The Legislature may be presumed to have intended a meaning that is clearly expressed and to know of existing legislation regarding the same subject. *Id.* A statute must also be construed to avoid absurd or unreasonable results. *People v Cousins,* 196 Mich App 715, 716-717; 493 NW2d 512 (1992).

In *Smith, supra,* our Supreme Court held that offenses defined in the Penal Code, MCL 750.1 *et seq.;* MSA 28.191 *et seq.,* as misdemeanors punishable by up to two years in prison may be considered "felonies" for the purposes of the habitual offender,[1] probation,[2] and consecutive sentencing[3] provisions of the Code of Criminal Procedure, MCL 760.1 *et seq.;* MSA 28.841 *et seq.* See also *People v Murphy,* 203 Mich App 738, 748-749; 513 NW2d 451 (1994). Thus, the offense of maintaining a drug house would be treated as a felony under those provisions of the Code of Criminal Procedure, including consecutive sentencing. Given this fact, we believe that the offense should be considered a felony for purposes of consecutive sentencing under the controlled substance act. There is no logical reason to explain why the Legislature would

---

[1] MCL 769.10-769.12; MSA 28.1082-28.1084.

[2] MCL 771.2; MSA 28.1132.

[3] MCL 768.7b; MSA 28.1030(2).

have intended different treatment under MCL 333.7401(3); MSA 14.15(7401)(3).

Next, defendant alleges that he was denied a fair trial by misconduct on the part of the prosecution and a witness. We will address each instance separately.

Defendant claims that the prosecutor failed to disclose a police log, which did not list defendant as a participant in the drug operation. A defendant is entitled to have produced at trial all the evidence concerning his guilt or innocence that is within the prosecutor's control. *Davis, supra* at 514; *People v Calloway,* 169 Mich App 810, 820; 427 NW2d 194 (1988). However, defendant has failed to establish that these materials were discoverable material that the prosecutor refused to disclose. Indeed, there is no discovery order in the lower court file, and defendant did not raise this issue below. Moreover, we do not believe that defendant could have made significant use of the evidence in light of the overwhelming evidence against him. *Davis, supra.*

Defendant claims that the prosecutor improperly remarked during trial that the apartment complex was known to be the site of a lot of criminal activity. The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v Allen,* 201 Mich App 98, 104; 505 NW2d 869 (1993). After defendant's objection, a curative instruction was given to the jury to disregard the comment and to decide defendant's guilt or innocence on the basis of his conduct rather than the reputation of the complex. We find that the comment did not deny defendant a fair trial, because the instruction cured any resulting prejudice.

Defendant also argues that he was denied a fair trial on the basis of a local newspaper article

quoting a police officer's statement that defendant and his brothers terrorized the residents of the apartment complex. After questioning the jurors individually, two jurors admitted that they had read the article. One of the jurors was excused pursuant to a compromise between defendant and his two codefendants. The remaining juror had stated during the court's questioning that she would remain objective and base her decision on the evidence presented at trial. Because the court properly addressed the situation, *People v Harvey,* 167 Mich App 734, 743; 423 NW2d 335 (1988), we find that defendant was not denied a fair trial.

Next, defendant contends that the trial court abused its discretion in allowing Officer Thomas Maier to opine that defendant was selling crack cocaine to people at the apartment complex. We disagree.

At trial, Officer Maier testified that on four separate occasions a motor vehicle pulled up in front of the apartment. He stated that he observed defendant run to each vehicle as it stopped and lean inside the window for ten to fifteen seconds. Over defendant's objection, Officer Maier opined that defendant was selling crack cocaine to the occupants of the vehicles. Because, Officer Maier was not qualified as an expert on drug enforcement, the admissibility of his opinion is governed by MRE 701, which allows opinion testimony by a lay witness if it is rationally based on the perception of the witness and helpful to a clear understanding of a fact in issue. This Court finds no abuse of discretion in allowing this opinion testimony because it was based on Officer Maier's perception and assisted the jurors in determining whether defendant was involved in narcotics trafficking. *People v Oliver,* 170 Mich App 38, 49-50; 427 NW2d 898 (1988), remanded on other grounds

433 Mich 862 (1989); *People v Smith,* 152 Mich App 756, 764; 394 NW2d 94 (1986).

Finally, defendant contends that he was denied the effective assistance of counsel. We disagree. To establish a denial of effective assistance of counsel under the state and federal constitutions, a defendant must demonstrate that counsel's performance was deficient and that, under an objective standard of reasonableness, counsel made an error so serious that counsel was not functioning as an attorney as guaranteed by the Sixth Amendment. *People v Lavearn,* 201 Mich App 679, 683; 506 NW2d 909 (1993); *People v Tommolino,* 187 Mich App 14, 17; 466 NW2d 315 (1991). The deficiency must be prejudicial to the defendant. *Id.* Furthermore, the defendant must overcome the presumption that the challenged action is sound trial strategy. *Id.*

First, defendant claims that trial counsel's failure to call certain witnesses at trial denied him effective assistance of counsel. Before trial, counsel received an anonymous letter indicating that there were several people in the apartment at the time of the raid. As explained by counsel at the *Ginther* [4] hearing, he advised defendant that the witnesses should not be called because the jury could draw an inference that the apartment was a drug house. The decision whether to call witnesses is a matter of trial strategy. *People v Julian,* 171 Mich App 153, 159; 429 NW2d 615 (1988). In order to overcome the presumption of sound trial strategy, the defendant must show that his counsel's failure to call these witnesses deprived him of a substantial defense that would have affected the outcome of the proceeding. *Lavearn, supra* at 683-684. Two of these witnesses testified at the hearing

---

[4] 390 Mich 436; 212 NW2d 922 (1973).

that everyone was present in the apartment for a party and that no illicit drugs were present. Given the overwhelming evidence that refutes this claim, we find that defendant was not deprived of a viable defense.

Next, defendant points to counsel's failure to make the jury aware that a fingerprint belonging to codefendant Peter Daniel was found on the magazine of the rifle found in the bedroom. During his closing argument, defense counsel only referred to the fact that an identifiable fingerprint did not match defendant's fingerprint. We do not believe that the evidence would have acquitted defendant of the felony-firearm charge. As previously stated, defendant was found lying underneath the window from which the gun was pointed and the gun was lying in close proximity. The identity of a fingerprint would not necessarily negate that defendant was in possession of the rifle. Accordingly, we do not find that defendant was prejudiced.

Finally, defendant argues that counsel was ineffective by failing to move for a separate trial. Counsel explained at the hearing that he did not file a motion because the trial court previously had denied a motion for a separate trial filed by codefendant Peter Daniel. Because a motion for a separate trial would have been unsuccessful, defense counsel was not obligated to pursue the matter. *Lavearn, supra* at 685.

Affirmed.