# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LARRY MANCIEL,

        Defendant-Appellant.

UNPUBLISHED
December 30, 2014

No. 312804
Wayne Circuit Court
LC No. 12-005217-FH

Before: MARKEY, P.J., and SAWYER and WILDER, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of first-degree home invasion, MCL 750.110a(2), and unarmed robbery, MCL 750.530. He was sentenced, as a fourth habitual offender, MCL 769.12, to 15 to 30 years' imprisonment for the first-degree home invasion conviction and 5 to 15 years' imprisonment for the unarmed robbery conviction, to be served consecutively. We vacate defendant's convictions and sentences and remand for a new trial.

In his standard 4 brief, defendant argues that his trial counsel was ineffective for failing to investigate his alibi and call his alibi witnesses. Defendant also filed a motion to remand for a *Ginther*[1] hearing. This Court granted the motion and retained jurisdiction. See *People v Manciel*, unpublished order of the Court of Appeals, entered July 3, 2013 (Docket No. 312804). Following an evidentiary hearing on remand, the trial court concluded that defendant was entitled to a new trial because his trial counsel was ineffective. Defendant, acting in propria persona, filed a supplemental brief after remand and asked this Court to order a new trial, in accordance with the trial court's decision.

At the time of oral argument in this Court, the prosecutor moved to expand the record. In lieu of granting that motion, we again remanded the matter to the trial court to allow plaintiff to file a motion to reopen proofs. The trial court allowed proofs to be reopened, conducted an evidentiary hearing, and filed an opinion which again concluded that defendant was denied the effective assistance of counsel and was entitled to a new trial. We agree that a new trial is warranted.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-1-

"We review for an abuse of discretion a trial court's decision to grant or deny a new trial." *People v Russell*, 297 Mich App 707, 715; 825 NW2d 623 (2012) (internal citations omitted). "An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes." *Id.* The trial court's findings of fact at an evidentiary hearing are reviewed for clear error, while questions of constitutional law are reviewed de novo. *Id.* "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court, on the whole record, is left with the definite and firm conviction that a mistake has been made." *People v Dendel*, 481 Mich 114, 130; 748 NW2d 859 (2008) (internal citations omitted).

The United States and Michigan Constitutions guarantee a criminal defendant the assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. To obtain a new trial, a defendant must show that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012); see also *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). There is a strong presumption that "counsel's performance was born from a sound trial strategy." *Trakhtenberg*, 493 Mich at 52; see also *Strickland*, 466 US at 689.

However, counsel has a duty "to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Id.* While the decision to call or question a witness is presumed to be a matter of trial strategy, the failure to do so constitutes ineffective assistance of counsel if it deprives defendant of a substantial defense. *Russell*, 297 Mich App at 716. Nonetheless, a claim of ineffective assistance of counsel cannot be based on counsel's refusal to present perjurious testimony. *People v LaVearn*, 448 Mich 207, 217-218; 528 NW2d 721 (1995). When reviewing a trial court's decision to grant a new trial, "regard shall be given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C).

In its findings of fact following the first remand, the trial court implicitly found that defendant, Jeanetta Harris Stevens,[2] William Barber, and Diane Sanders were credible witnesses. The court appeared to believe defendant was in Royal Oak working when the crime occurred. It found that Harris knew where defendant was when the crime occurred; he was working on a house or houses for individuals with Down syndrome in Royal Oak, Michigan. Thus, he was 30 to 40 minutes from the crime scene when the crime occurred.

The court's findings of fact were not clearly erroneous. They were supported by the testimony of defendant, Harris, Barber, and Sanders, all of whom testified that defendant was in Royal Oak working on the night of February 7, 2012. Defendant testified that he asked Barber to drive him to a house in Royal Oak. They left a little after 10:00 p.m. and it took 20 to 25 minutes to get there. Defendant was at the jobsite for a few hours. Barber testified that he took defendant to work in Royal Oak at about 10:15 p.m. Barber's wife, Sanders, testified that she rode with Barber when he took defendant to work in Royal Oak at about 10:15 p.m. Harris said

---

[2] Both parties refer to Jeanetta Harris Stevens as "Ms. Harris," or "Harris." Therefore, this Court will do the same in this opinion.

that defendant arrived at a house in Royal Oak sometime between 10:15 p.m. and 11:00 p.m. Defendant did repairs on the home until about 3:00 a.m., when Harris took him to another home to do some painting.

Defendant's trial counsel, Cena Colbert White, testified that defendant admitted to breaking into Floyd Hosea's apartment to steal money. This testimony conflicts with defendant's alibi story and the testimony of defendant, Harris, Barber, and Sanders. However, this Court must give regard "to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). "This Court will not interfere with the trier of fact's role of determining the weight of the evidence or the credibility of witnesses." *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008). Because this Court defers to the trial court's credibility determinations, and the court's conclusions were supported by the evidence, the court did not clearly err by finding that defendant was working the night of February 7, 2012. See *Dendel*, 481 Mich at 130; *Kanaan*, 278 Mich App at 619.

The same reasoning applies to the court's conclusion that White knew about defendant's alibi and alibi witnesses. The court found that Harris and defendant both told White that defendant could not have committed the crime; he had an alibi. These findings necessarily mean that the court did not believe White when she said that she did not know about any alibi witnesses until the morning of trial. These findings were supported by the evidence; defendant and Harris both testified that they told White defendant was working the night of February 7, 2012. Because this Court defers to the trial court's credibility determinations, and its findings were supported by the evidence, we cannot conclude that it was clear error for the court to find that White knew about defendant's alibi before trial. See *Dendel*, 481 Mich at 130; *Kanaan*, 278 Mich App at 619.

The trial court's findings of fact support the conclusion that defendant was denied the effective assistance of counsel, and was prejudiced as a result. White did not investigate defendant's alibi witnesses or call any of them at trial, despite the trial court's finding that White knew about the witnesses. The failure to call a witness constitutes ineffective assistance of counsel if defendant is deprived of a substantial defense. *Russell*, 297 Mich App at 716. A substantial defense is one that would have affected the trial's outcome. *People v Daniel*, 207 Mich App 47, 58; 523 NW2d 830 (1994). Defendant had three alibi witnesses— Harris, Barber, and Sanders. Defendant is not related to any of these individuals, nor in a relationship with any of them. The testimony of each witness was consistent with the others' testimony. The testimony also showed where defendant was when the robbery occurred. White's failure to call these alibi witnesses deprived defendant of a substantial defense. See *Russell*, 297 Mich App at 716.

The prosecution argues in its brief after the first remand that White was ethically prohibited from presenting defendant's alibi witnesses because she knew the evidence was false and the testimony would be perjured. However, that argument rests on the assumption that White's testimony was believable. As discussed above, the trial court did not find White credible. Instead, the court believed the testimony of defendant, Harris, Barber, and Sanders, that defendant was, in fact, working in Royal Oak when the offense was committed.

Finally, trial counsel's ineffectiveness prejudiced defendant. For the reasons discussed above, the alibi evidence was strong and would have been a substantial defense to the allegations against defendant. Furthermore, Hosea's identification of defendant as the intruder had many weaknesses. The intruder's face was mostly covered. Hosea is 87 years old and had just been sleeping when he saw the intruder. Hosea testified that he knew defendant's voice because he drank beer and chatted with him during the summer. However, defendant said that he does not drink and never spoke with Hosea except to say, "Hey Pops." In addition, Hosea's memory of the events was not consistent with the other evidence. Hosea testified that the intruder broke the end table by his bed, but Officer Robert Martaw did not remember a table in the bedroom being cracked, and it was not noted in his report. Hosea also said that he called 911 one time. However, on a recording of the 911 call, Hosea told the dispatcher that he had called 12 times. If White had investigated further and called defendant's alibi witnesses, "there is a reasonable probability that the [trial] outcome would have been different," given the problems with Hosea's testimony and defendant's alibi evidence. See *Trakhtenberg*, 493 Mich at 51.

Moreover, the only effect of the hearing following the second remand seemed to further convince the trial court that a new trial was warranted. As noted above, we defer to the trial court's superior ability to assess the credibility of witnesses. The trial court has now twice determined that defendant is entitled to a new trial, with the prosecutor's having had a full opportunity to present evidence to challenge that conclusion. We see no basis for disturbing the trial court's determination.

We vacate defendant's convictions and sentences and remand for a new trial.[3] We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ David H. Sawyer
/s/ Kurtis T. Wilder

---

[3] Because we conclude that defendant is entitled to a new trial, we decline to address his other arguments on appeal.