# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
November 20, 2018

Plaintiff-Appellee,

v

No. 338989
Wayne Circuit Court
LC No. 14-006756-02-FC

DEMETRICE MAURICE PATRICK,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant, Demetrice Patrick, was convicted by a jury of two counts of armed robbery, MCL 750.529, one count of first-degree home invasion, MCL 750.110a(2), and one count of larceny in a building, MCL 750.360. He was originally sentenced as a fourth habitual offender to concurrent prison terms of 18 to 30 years for each armed robbery conviction, 7½ to 18 years for his first-degree home invasion conviction, and 5 to 48 months for his larceny in a building conviction. Patrick appealed his convictions and sentences to this Court, which affirmed his convictions but vacated his sentences and remanded for resentencing.[1] On remand, the trial court sentenced Patrick to concurrent prison terms of 12 to 25 years for each armed robbery conviction, 7½ to 18 years for first-degree home invasion, and 5 to 48 months for larceny in a building. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

In July 2014, Patrick participated in a home invasion, armed robbery, and larceny at the apartment of Eric Cheeks and Chantel Lewis. Cheeks and Lewis testified that three armed men broke into their apartment, held their four-year-old-child at gunpoint in his bedroom, and demanded money. After the intruders left the bedroom, Cheeks was able to discreetly call the police, and when they arrived, Cheeks and Lewis lowered their child out the second-story window to a waiting police officer. They also escaped from the apartment using the window. Lewis and Cheeks identified one of the men as Patrick. They identified a second man as Isaiah

---

[1] *People v Patrick*, unpublished per curiam opinion of the Court of Appeals, issued June 28, 2016 (Docket No. 325867); unpub op at 1.

Lindsey. In exchange for a plea agreement, Lindsey testified for the prosecution. He admitted to breaking into the apartment with Patrick and two other men. Despite the identification testimony, Patrick denied involvement and argued that he had been misidentified. The jury, however, convicted him as charged. As indicated *supra*, this Court affirmed his convictions, but vacated his sentences and remanded for resentencing.

At the resentencing hearing, the sentencing guidelines range was determined to be 126 to 210 months. Although the prosecution sought an upward departure sentence of 18 to 30 years, Patrick's lawyer requested that the court either depart downward or impose a sentence at the low end of the guidelines. The trial court considered the nature of the crime, noting in particular that during the trial there was testimony that a baby had to be let out a window. However, the court also recognized that in a letter to the court Patrick had accepted responsibility for his actions and acknowledged the impact his actions had on the family. The court found the letter compelling, noting that it was rare for a defendant—even after being convicted—to admit responsibility, offer any sort of apology, or express any remorse for the crime committed. The court, therefore, stated that it was reducing Patrick's sentence for each count of armed robbery from the originally imposed 18 to 30 years to 12 to 25 years.

This appeal follows.

## II. REASONABLENESS OF A NON-DEPARTURE SENTENCE

### A. STANDARD OF REVIEW

Patrick argues that, although within the minimum guidelines range, his sentences for armed robbery are unreasonable and violate the principle of proportionality. A within-guidelines sentence is presumptively proportionate as the Legislature contemplated the seriousness of the offense and characteristics of the offender in drafting the sentencing guidelines. *People v Milbourn*, 435 Mich 630, 635; 461 NW2d 1 (1990). See also *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017). Unless the trial court erred in scoring the guidelines or relied on inaccurate information, we must affirm. MCL 769.34(10); *Jackson*, 320 Mich App at 527; *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016). Patrick does not contend that the court relied on inaccurate information and cites no error in the guidelines scoring. As a result, there is nothing for this Court to review.

We note that our Supreme Court has scheduled oral argument and briefing to address the continued validity of MCL 769.34(10). See *People v Ames*, 501 Mich 1026 (2018). However, until a decision from our Supreme Court holds otherwise, we are bound to follow prior published opinions of this Court. MCR 7.215(C)(2).

Moreover, even if this Court were to review Patrick's sentences for proportionality, he has failed to establish that his sentences are disproportionate. Sentences within the guidelines range are presumptively proportionate. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008); see also *People v Steanhouse (On Remand)*, 322 Mich App 233, 238; 911 NW2d 253 (2017) ("Generally, sentences falling within the minimum sentencing guidelines range are presumptively proportionate."). "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the

presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000). Here, Patrick has not presented unusual circumstances that overcome the presumption that his sentences are proportionate. Instead, Patrick acknowledges that the offense was very serious, but he asserts that (1) no one was injured, (2) his prior record indicates that the crime was uncharacteristic of him and supports his claim of actual innocence, (3) he was in a stable relationship and was gainfully employed, (4) the trial court found his letter expressing remorse to be very compelling, and (5) the misconduct tickets Patrick had received in prison did not evidence violence, aggression, or sexual misconduct.

Yet, Patrick's acknowledgement that he was convicted of a serious crime does not account for the fact that a gun was pointed at a four-year-old child, who later had to be lowered from a second story window into the arms of the police so that he could escape the peril created by Patrick and his cohorts. Additionally, Patrick glosses over the fact that his prior record was already taken into account when the guidelines were scored. Moreover, the fact that this was his first violent crime might reflect that the crime was uncharacteristic for him, but it also indicates that his criminality was escalating from drug offenses and retail fraud to more violent crimes. With regard to the remorse Patrick expressed in his letter and his prison misconducts, both were taken into account by the trial court, which, instead of imposing a downward departure sentence, imposed a sentence near the bottom of the guidelines range. Finally, other than stating that he was in a stable relationship and gainfully employed, Patrick offers no explanation for why that made his sentence disproportionate. Accordingly, the facts cited by Patrick fail to establish the existence of unusual circumstances that would render defendant's presumptively proportionate sentences disproportionate. See *People v Daniel*, 207 Mich App 47, 54; 523 NW2d 830 (1994) (holding that the defendant's employment, lack of criminal history, and minimal culpability were not unusual circumstances that would overcome the presumption of proportionality). Accordingly, Patrick has failed to overcome the presumption that his sentences are proportionate.

Affirmed.

/s/ Michael J. Kelly
/s/ David H. Sawyer
/s/ Jane E. Markey