*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

NEEDRA TANETTE ANDERSON,

Defendant-Appellant.

UNPUBLISHED
May 14, 2019

No. 343402
Wayne Circuit Court
LC No. 16-004604-01-FC

Before: STEPHENS, P.J., and GADOLA and LETICA, JJ.

PER CURIAM.

Defendant, Needra Tanette Anderson, was convicted by a jury of second-degree murder, MCL 750.317, and originally sentenced to 14 to 25 years' imprisonment. After determining that the trial court incorrectly assessed 100 points for Offense Variable 3, this Court vacated her sentence and remanded for rescoring of the guidelines and resentencing. *People v Anderson*, unpublished order of the Court of Appeals, entered September 12, 2017 (Docket No. 338417). On remand, Anderson was resentenced to 12 to 25 years' imprisonment. Anderson now appeals as of right. We affirm.

Anderson argues that the trial court imposed a disproportionate sentence, despite being sentenced at the bottom of the applicable guidelines range, because the trial court "failed to adequately individualize the sentence." Anderson contends that her background "must be adequately weighed and considered." Anderson asserts that the trial court lowered her minimum sentence by two years citing her lack of criminal history, which was already accounted for in the guidelines, and "[m]erely reciting a factor already considered by the guidelines cannot be seen as an adequate individualization[.]"

"This Court reviews the proportionality of a trial court's sentence for an abuse of discretion. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Foster*, 319 Mich App 365, 375; 901 NW2d 127 (2017) (citations omitted).

In pertinent part, MCL 769.34(10) provides, "If a minimum sentence is within the appropriate guidelines sentence range, the court of appeals shall affirm that sentence and shall

not remand for resentencing absent an error in scoring the sentencing guidelines or inaccurate information relied upon in determining the defendant's sentence." Thus, as stated in *People v Jackson*, 320 Mich App 514, 527; 907 NW2d 865 (2017), a minimum sentence within the appropriate guidelines range "is presumptively proportionate and must be affirmed." See also *People v Schrauben*, 314 Mich App 181, 196; 886 NW2d 173 (2016) ("When a trial court does not depart from the recommended minimum sentencing range, the minimum sentence must be affirmed unless there was an error in scoring or the trial court relied on inaccurate information.").

Anderson's minimum sentence of 12 years' imprisonment is within the corrected guidelines range of 12 to 20 years, therefore, MCL 769.34(10) applies. Anderson does not dispute that her sentence is within the recommended minimum guidelines range and she does not argue that there was an error in scoring the guidelines or inaccurate information relied upon during resentencing. Anderson even acknowledges that the current interpretation of MCL 769.34(10) bars a challenge to a sentence within accurately scored guidelines. However, Anderson wants to preserve the issue because our Supreme Court has ordered oral argument on whether *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015), rendered MCL 769.34(10) invalid. See *People v Ames*, 501 Mich 1026 (2018). Nonetheless, we affirm Anderson's sentence because it is within the sentencing guidelines range.

Anderson argues "that even a sentence within the sentencing guidelines recommendation could be an abuse of discretion in unusual circumstances." "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000).

Anderson has not shown unusual circumstances to overcome the presumption of proportionality. Anderson highlighted that she was 41 years old with no criminal history when she committed the offense, as well as her rehabilitation efforts while in prison. However, in *People v Daniel*, 207 Mich App 47, 54; 523 NW2d 830 (1994), this Court found that the defendant's "employment, lack of criminal history, and minimum culpability, are not unusual circumstances that would overcome that presumption." Still, at resentencing, the trial court reduced Anderson's minimum sentence by two years after considering her age and the fact that she had no criminal record. The trial court noted that Anderson committed a serious offense, but thought that "the minimum, in this particular matter, based on the record that [Anderson had] made, during [her] whole life" was appropriate. The trial court's decision did not fall outside the range of reasonable and principled outcomes.

Affirmed.

/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola
/s/ Anica Letica