*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

V

MACKENZIE LYNN QUARRELS,

      Defendant-Appellant.

UNPUBLISHED
April 29, 2026
1:55 PM

No. 372735
Jackson Circuit Court
LC No. 2021-000832-FC

Before: RIORDAN, P.J., and REDFORD and PATEL, JJ.

PER CURIAM.

Defendant appeals her resentencing as of right after remand by this Court for correction of certain prior record variable (PRV) and offense variable (OV) scores altering her sentencing guidelines range.[1] The trial court originally sentenced defendant to 37½ to 60 years' imprisonment for second-degree murder, MCL 750.317, two years' imprisonment for possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and two to five years' imprisonment for carrying a concealed weapon (CCW), MCL 750.227, and, on remand, imposed the same sentences. On appeal, defendant contends that the trial court abused its discretion when it failed to sufficiently justify its within-guidelines amended sentence for second-degree murder. We disagree and affirm.

## I. FACTUAL BACKGROUND

We summarized the basic facts of this case in our previous opinion:

> Quarrels's convictions arise from the death of KraShawna Walker, who was shot dead following a verbal altercation with Quarrels. On the day of the shooting, Quarrels drove to a house with Dhasa Sims to pick up some money. When Quarrels arrived, Walker was sitting in her car which was parked on the road near the

---

[1] *People v Quarrels*, unpublished per curiam opinion of the Court of Appeals, issued December 21, 2023 (Docket No. 362223).

driveway. The driveway and the surrounding street were filled with cars. After picking up the money, Quarrels attempted to pull her car out of the driveway. She asked Walker to move her car. Walker told Quarrels that "she wasn't moving shit." After additional attempts to back up the car, Quarrels asked Walker to move her car again. Walker responded, "I'm not moving shit. I'll beat your ass . . . ." Walker got out of her car and approached Quarrels's car. When she attempted to open the passenger-side door, Quarrels shot her.

Quarrels drove over the front yard and left the scene of the shooting. Sims testified that Quarrels drove around in circles, crying, and calling people from Sims's phone. She stated that she did not remember what Quarrels did with the gun, but she recalled telling a police officer that Quarrels had tossed it out the window of the car. Quarrels eventually took Sims home. Sims went to a casino so that she could be seen on camera, and she was pulled over by police officers after leaving the casino. She lied to the officers about her involvement in the shooting. Several days later, Quarrels was arrested at an apartment in which police officers found an empty gun case. [*People v Quarrels*, unpublished per curiam opinion of the Court of Appeals, issued December 21, 2023 (Docket No. 362223), pp 1-2.]

Defendant was sentenced as noted above. On appeal, defendant challenged both her convictions and sentences. We affirmed her convictions but vacated her sentence for second-degree murder, concluding that the trial court erred when it scored PRV 7, MCL 777.57, and OV 12, MCL 777.42. *Id*. at 3-4. Thus, we remanded the case to the trial court to rescore those two variables, which would leave her PRV Level unchanged but reduce her OV Level from III to II. *Id*. at 5-6.

On remand, the trial court rescored those two variables as directed. However, the prosecutor requested that the trial court rescore OV 19, MCL 777.49, which was not scored in the original sentencing information report, arguing that the facts sufficiently showed that defendant interfered "with the administration of justice" when she disposed of the gun. The trial court agreed and rescored OV 19 from 0 to 10, resulting in a total OV score of 106 points, again placing her in OV Level III. Thus, the applicable guidelines range remained at 270 to 450 months or life for second-degree murder. The trial court then stated that "I have had the opportunity to review the previous sentencing and the Court's comments," and after doing so, it did not believe that a different sentence was warranted. Accordingly, the trial court resentenced defendant to the same sentence at the top of the guidelines for second-degree murder. This appeal followed.

## II. ANALYSIS

Defendant argues that the trial court abused its discretion when it resentenced her because her sentence is disproportionate. Alternatively, she contends that the trial court's failure to state sufficient reasoning in support of its sentence prevents this Court from properly reviewing the

issue of proportionality, requiring this Court to remand to that court for rearticulation or resentencing. We disagree.[2]

"Sentencing decisions are reviewed for an abuse of discretion." *People v Boykin*, 510 Mich 171, 182; 987 NW2d 58 (2022). "An abuse-of-discretion standard recognizes that there may be more than one principled outcome and the trial court may not deviate from that principled range of outcomes." *Id*. Specifically, an appellate court reviews a defendant's challenge to the proportionality of his or her sentence for reasonableness. *People v Dixon-Bey*, 321 Mich App 490, 520; 909 NW2d 458 (2017). "[A]ppellate courts must review all sentences for reasonableness, which requires the reviewing court to consider whether the sentence is proportionate to the seriousness of the matter." *People v Posey*, 512 Mich 317, 352; 1 NW3d 101 (2023) (*Posey I*).

"[O]ur principle of proportionality requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse,* 500 Mich 453, 474; 902 NW2d 327 (2017) (quotation marks and citation omitted). "[G]uidelines remain highly relevant to sentencing decisions and . . . a within-guidelines sentence may indeed be disproportionate or unreasonable." *Posey I*, 512 Mich at 359. An appellate court "shall apply a nonbinding rebuttable presumption of proportionality" when reviewing a within-guidelines sentence. *Id.* at 360. To rebut the presumption that a within-guidelines sentence is proportionate, the defendant must show that unusual circumstances render his or her sentence disproportionate. See *People v Burkett*, 337 Mich App 631, 636; 976 NW2d 864 (2021).

On remand, defendant received a within-guidelines sentence of 37½ to 60 years' imprisonment for her second-degree murder conviction.[3] See MCL 777.61. Because defendant received a within-guidelines sentence, she has the burden of rebutting the presumption that her sentence is proportionate. *Posey I*, 512 Mich at 360. We conclude that she has failed to do so. There are no particular, unusual mitigating facts concerning the crime or defendant herself to suggest that the 37½-year minimum sentence for second-degree murder is unreasonable or disproportionate. Rather, this case involved a senseless murder about a parking space that could have been avoided with a minimal amount of reflection or self-control. As the trial court stated during resentencing:

> It is tragic beyond measure. It's not something that the Court can understand. It's so violent. It was so impulsive. And I just -- there really isn't anything about all of this as sad as it is that -- that changes my mind in terms of what the appropriate sentence is. I still think it's a top of the guidelines case. I still think that the thirty-seven and a half to sixty years was the appropriate sentence for [defendant] . . . .

Further, while defendant argues that the trial court should have expressly considered her relative lack of criminal history and her institutional record, we note that "trial courts are not required to expressly or explicitly consider mitigating factors at sentencing." *People v Bailey*, 330

---

[2] Defendant does not contest the trial court's decision to rescore OV 19 on remand.

[3] Defendant does not contest the proportionality of her other sentences.

Mich App 41, 63; 944 NW2d 370 (2019). In addition, rebutting the presumption of proportionality requires something more compelling than the mere absence of aggravating facts concerning the offense or the offender. See *People v Daniel*, 207 Mich App 47, 54; 523 NW2d 830 (1994) (explaining that "employment, lack of criminal history, and minimum culpability[] are not unusual circumstances that would overcome that presumption [of proportionality]"). Therefore, we conclude that defendant has failed to rebut the presumption of proportionality.

We also conclude that a remand is not required for rearticulation. In *People v Posey (On Remand)*, 349 Mich App 199, 206; 27 NW3d 137 (2023), we explained that "there is nothing . . . suggesting that a sentencing court needs to expressly explain why a within-guidelines sentence is reasonable and proportionate." *Id*. at 207. We also noted that when a trial court "essentially repeat[s]" its original sentencing analysis at resentencing, it is not required to provide any further elaboration. *Id*. at 206-207. Here, the trial court stated on the record that it reviewed its earlier sentencing and its comments, which indicates that it was incorporating the original sentencing to that extent. Thus, by doing so and by referencing the underlying facts of the crime during resentencing, the trial court sufficiently explained why it imposed its within-guidelines sentence. In any event, as noted, the trial court was not even required to provide such an explanation. See *id*. at 207.

## III. CONCLUSION

The trial court did not violate the principle of proportionality, impose an unreasonable sentence, or otherwise err when it imposed a sentence at the top of the guidelines in this case. We affirm.

/s/ Michael J. Riordan
/s/ James Robert Redford
/s/ Sima G. Patel