# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
October 20, 2016

    Plaintiff-Appellee,

v

No. 327631
Kent Circuit Court
LC No. 14-005674-FH

NAKIA TRAVIS JONES,

    Defendant-Appellant.

Before: K. F. KELLY, P.J., and O'CONNELL and BOONSTRA, JJ.

PER CURIAM.

Defendant, Nakia Travis Jones, appeals as of right his conviction, following a jury trial, of delivering less than 50 grams of cocaine, second offense. MCL 333.7401(2)(a)(*iv*) and MCL 333.7413(2). The trial court sentenced Jones as a fourth-offense habitual offender, MCL 769.12, to serve 21 months' to 20 years' imprisonment. We affirm.

## I. FACTUAL BACKGROUND

Grand Rapids Police Officer Aaron Stevens testified that in May 2014, he was surveilling an area in Grand Rapids that had a high rate of drug sales. Officer Stevens testified that he had positioned himself inside of a vacant building and watched a gas-station's parking lot with binoculars. According to Officer Stevens, Jones appeared to be "[h]anging out" in the area. As he watched, Jones approached a total of six people, including Terrance Price.

Price testified that he did not know Jones, had not identified Jones prior to trial, and was testifying in exchange for sentencing consideration. According to Price, on the day of the incident, he was seeking out crack cocaine. He met Jones, who he did not previously know, in the parking lot of a gas station. Price asked Jones "did he have anything," and Jones indicated that he did. Price then purchased a "ten-dollar rock" from Jones for eight dollars, which he paid for with eight one-dollar bills. Jones pulled a crack rock in a plastic bag out of his pocket, tore the bag, and poured the crack rock into Price's hand. Afterward, Price and Jones went in separate directions.

Officer Stevens watched Jones and Price walk toward some dumpsters located on the property to exchange something. Jones appeared to make a tearing gesture and drop something into Price's hand, and then Price gave Jones a fold of money. Officer Stevens believed that he had witnessed a drug transaction, and he called for nearby officers to contact Jones and Price.

-1-

According to Officer Adam Baylis, he arrived at the scene less than a minute later and stopped Jones at a bus stop near the gas station. A search revealed that Jones was carrying the torn corner of a sandwich bag and eight dollars in cash. Officer Baylis testified that sandwich bags are often used in drug transactions. Jones told Officer Baylis that he spoke with someone in the gas station parking lot who gave him money in exchange for a cigarette.

Officer Lucas Natzgaam testified that he stopped Price, who was smoking a glass crack pipe, at a corner near the gas station. The substance in the pipe tested positive for crack cocaine. In response to questioning, Price stated that he had just purchased a crack rock for eight dollars from "a guy at the BP," and he did not know the person who had sold him the crack cocaine.

The jury found Jones guilty of the crimes previously described. Jones now appeals.

## II. SUPPORT FOR THE CONVICTION

In his pro se brief filed pursuant to Michigan Supreme Court Order 2004-6, Standard 4, Jones contends that (1) the evidence was insufficient to support his conviction, and (2) his conviction was against the great weight of the evidence. We disagree.

We review de novo a challenge to the sufficiency of the evidence supporting a defendant's conviction. *People v Henderson*, 306 Mich App 1, 8; 854 NW2d 234 (2014). We review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution proved the crime's elements beyond a reasonable doubt. *Id*. at 9. A defendant's claim is against the great weight of the evidence when "the evidence preponderates so heavily against the verdict that it would be a miscarriage of justice to allow the verdict to stand." *People v Cameron*, 291 Mich App 599, 617; 806 NW2d 371 (2011). We review for an abuse of discretion the trial court's decision regarding whether the defendant's conviction was against the great weight of the evidence. *People v McCray*, 245 Mich App 631, 637; 630 NW2d 633 (2001).

Jones contends that the only evidence supporting his conviction was Price's testimony that Jones gave him the crack cocaine, but Price had a motive to fabricate this testimony. When considering both the sufficiency and great weight of the evidence, this Court defers to the trier of fact's credibility determinations. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008); *People v Lemmon*, 456 Mich 625, 643-644, 647; 576 NW2d 129 (1998). In this case, the jury was aware of Price's possible motivations to fabricate claims against Jones, including that he was receiving a sentencing benefit for his testimony. The jury was also aware that at the time of his arrest, Jones did not possess any drugs. Despite these facts, the jury determined to believe Price's statement that he gave Jones money for crack cocaine. We will not overturn its credibility determination.

Additional circumstantial evidence, including the testimony of the police officers who witnessed the transaction and responded immediately afterward, supported Jones's conviction. Considering all the evidence in this case in the light most favorable to the prosecution, we conclude that a rational jury could have found beyond a reasonable doubt that Jones delivered less than 50 grams of cocaine to Price. We also conclude that the trial court did not abuse its discretion in denying Jones's motion for a new trial on the basis of the weight of the evidence.

## III. OPINION TESTIMONY

Jones next claims through counsel that the trial court improperly admitted the officers' opinions that the crime took place in a high-crime area. Jones contends that the testimony was (1) improper opinion testimony, (2) irrelevant because it was more prejudicial than probative, and (3) counsel was ineffective for failing to contest it. We disagree with each argument.

As an initial matter, Jones failed to preserve his evidentiary arguments by challenging the testimony below. To preserve an issue, the appellant must challenge it before the trial court on the same grounds as he challenges it on appeal. *People v Danto*, 294 Mich App 596, 605; 822 NW2d 600 (2011). We review unpreserved issues for plain error affecting a party's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error is plain if it is clear or obvious, and the error affected the defendant's substantial rights if it affected the outcome of the lower court proceedings. *Id*.

First, Jones contends that the officers' opinion testimony was improper. Both lay witnesses and expert witnesses may offer opinion testimony. MRE 701; MRE 702. Lay opinion testimony is permitted if it is "rationally based on the perception of the witness and . . . helpful to a clear understanding of the witness' testimony or the determination of a fact at issue." MRE 701. Thus, lay witnesses may testify about opinions they have formed as a result of direct physical observations. MRE 701; *People v Hanna*, 223 Mich App 466, 475; 567 NW2d 12 (1997). A police officer's opinion testimony is admissible as a lay opinion if the officer bases his or her opinion on direct perceptions, rather than on a technical or scientific analysis. *People v Daniel*, 207 Mich App 47, 57; 523 NW2d 830 (1994).

In this case, three police officers—Officer Stevens, Officer Baylis, and Officer Nagtzaam—each testified that the area around the gas station was a high-crime area. Officer Stevens testified that he has been a police officer for 13½ years, had surveilled the area at least dozens of times, and has made hundreds of arrests involving controlled substances. Officer Baylis testified that he had encountered many individuals in that area with sandwich baggies usually related to drugs. Officer Nagtzaam testified that he had previously been involved in conducting surveillance in the area. The opinions of these officers regarding the high-crime nature of the area were based on their direct perceptions as officers rather than on technical or scientific analysis. Accordingly, we conclude their statements were permissible lay opinion testimony.

Second, Jones contends that this evidence was more prejudicial than probative. MRE 403 provides that the trial court may not admit evidence if the danger of its prejudicial effect substantially outweighs its probative value. Generally, MRE 403 precludes the admission of drug profile evidence as substantive evidence of guilt. *People v Hubbard*, 209 Mich App 234, 241; 530 NW2d 130 (1995). However, drug profile testimony is admissible if it "aids the jury in intelligently understanding the evidentiary backdrop of the case, and the modus operandi of drug dealers, but [courts must] stop short of enabling profile testimony that purports to comment directly or substantively on a defendant's guilt." *People v Murray*, 234 Mich App 46, 56; 593 NW2d 690 (1999). Drug profile evidence may be used "to explain the significance of otherwise innocuous circumstantial evidence," but it may not be used to argue that a defendant is guilty because he or she fits the specific profile. *Id*. at 58.

In this case, the officer testified about the high-crime nature of the area to explain their presence in the area when the crime occurred. The evidence thus aided the jury in understanding the backdrop of the case and how officers were able to respond so quickly to the suspected drug transaction. The timing of the officers' stops of Jones and Price was particularly relevant in this case, which relied heavily on circumstantial evidence. The evidence was not used as direct evidence of Jones's guilt, was not the sole inference of criminality in this case, and no witness opined that Jones fit a drug profile or expressed a belief that Jones was guilty. See *id*. at 59-63. We conclude that the trial court did not plainly err by admitting this evidence because the danger of its prejudicial effect did not substantially outweigh its probative value.

Third, Jones contends that trial counsel was ineffective for failing to challenge the officers' testimonies. We reject this argument. As discussed, the evidence was permissible opinion testimony and not more substantially prejudicial than probative. "Counsel is not ineffective for failing to make a futile objection." *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004).

## IV. PRICE'S OTHER CRIMES

Jones contends that the prosecution erred by failing to disclose Price's prior criminal history and that defense counsel was ineffective for failing to impeach Price with that history. We reject both arguments.

A criminal defendant has the fundamental right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. A defendant's ineffective assistance of counsel claim "is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). When reviewing an ineffective assistance of counsel claim, this Court reviews for clear error the trial court's findings of fact, and reviews de novo questions of law. *Id*. The trial court clearly errs if, after reviewing the record, this Court is definitely and firmly convinced that it made a mistake. *People v Dendel*, 481 Mich 114, 130; 748 NW2d 859 (2008), amended 481 Mich 1201 (2008).

To prove that his defense counsel was not effective, the defendant must show that (1) defense counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that counsel's deficient performance prejudiced the defendant. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). A defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different. *Id*. at 312.

"The failure to make an adequate investigation is ineffective assistance of counsel if it undermines confidence in the trial's outcome." *People v Grant*, 470 Mich 477, 493; 684 NW2d 686 (2004). At the *Ginther*[1] hearing in this case, defense counsel testified that he was not aware that Price had previously been convicted of uttering and publishing. Defense counsel testified that he did not ask the prosecutor for Price's criminal record and did not independently

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

investigate Price's criminal record, but he would have asked Price about the prior convictions if he had known about them because it may have helped to discredit Price in front of the jury.

We conclude that defense counsel's failure to request Price's criminal history against Jones was not reasonable. However, we also conclude that the trial court did not clearly err when it found that the results of the proceeding would not have been different had counsel impeached Price with his criminal history. Price's testimony was already significantly impeached—Price was an admitted drug addict who did not know Jones, had never identified Jones prior to trial, and was testifying in exchange for sentencing consideration. It is not reasonably likely that the jurors would have believed Price any less had they known of his relatively old prior convictions for passing bad checks. Jones has not shown that, but for counsel's error, the result of his proceedings would have been different.

Jones also contends that the prosecution violated *Brady v Maryland*, 373 US 83; 83 S Ct 1194; 10 L Ed 2d 215 (1963), by failing to disclose Price's prior convictions to defense counsel. We review de novo the defendant's due process claims, including claims involving *Brady* violations. *People v Stokes*, 312 Mich App 181, 189; 877 NW2d 752 (2015).

"Defendants have a due process right to obtain evidence in the possession of the prosecutor if it is favorable to the accused and material to guilt or punishment." *People v Stanaway*, 446 Mich 643, 666; 521 NW2d 557 (1994). See *Brady*, 373 US at 87. To establish a *Brady* violation, the defendant must show that (1) the State possessed evidence favorable to the defendant, (2) the defendant did not possess and could not have obtained the evidence with reasonable diligence, (3) the prosecutor suppressed the evidence, and (4) with the evidence, there was a reasonable probability that the result of the defendant's proceedings would have been different. *People v Schumacher*, 276 Mich App 165, 177; 740 NW2d 534 (2007).

Even presuming, without deciding, that Jones can establish the first three elements of a *Brady* violation as discussed above, Jones cannot establish that there is a reasonable probability that the results of the proceeding would have been different if he had access to Price's conviction history. We thus reject his *Brady* claim.

We affirm.

/s/ Kirsten Frank Kelly
/s/ Peter D. O'Connell
/s/ Mark T. Boonstra