PEOPLE v COUSINS

Docket No. 145356. Submitted September 23, 1992, at Grand Rapids.
 Decided November 17, 1992, at 9:05 A.M. Leave to appeal
 sought.

Donald R. Cousins, Jr., pleaded guilty in the Barry Circuit Court,
 Richard M. Shuster, J., of operating a motor vehicle while
 under the influence of intoxicating liquor, third offense. He was
 sentenced to two to five years in prison, fined $3,500, and
 ordered to pay $1,500 in court costs. He appealed.

 The Court of Appeals *held:*

 Despite the fact that at the time of the defendant's conviction
 the language permitting a court to order a convicted defendant
 to pay court costs was in the subsection of the statute dealing
 with first-time offenders, it is clear that the Legislature in-
 tended that courts also be authorized to order repeat offenders
 to pay court costs.

 Affirmed.

INTOXICATING LIQUORS — AUTOMOBILES — SENTENCING — COSTS.
 The statute that imposes penalties for driving under the influence
 of intoxicating liquor, even before its 1991 amendment, autho-
 rized a sentencing judge to order repeat offenders to pay court
 costs in addition to imposing a fine or a sentence (1991 PA 98;
 MCL 257.625; MSA 9.2325).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dale A. Crowley,* Prose-cuting Attorney, and *William E. Molner,* Assistant Attorney General, for the people.

State Appellate Defender (by *Sheila N. Robert-son*), for the defendant on appeal.

Before: SAWYER, P.J., and MURPHY and GRIFFIN, JJ.

REFERENCES
Am Jur 2d, Automobiles and Highway Traffic § 310.
See ALR Index under Driving While Intoxicated.

Murphy, J. Defendant pleaded guilty on June 27, 1992, of one count of operating a motor vehicle while under the influence of intoxicating liquor, third offense, in violation of MCL 257.625; MSA 9.2325. He was sentenced to two to five years in prison, fined $3,500, and ordered to pay $1,500 in court costs.

On appeal, defendant contends that the trial court had no authority to order him to pay court costs. While a trial court may not impose costs as part of a defendant's sentence absent statutory authority to do so, *People v Jones,* 182 Mich App 125, 126; 451 NW2d 525 (1989), we hold that the statute in question authorized the imposition of costs.

At the time of defendant's plea, subsection 4 of the statute provided for the imposition of costs, in addition to other penalties, upon a person guilty of violation of the provisions prohibiting the operation of a motor vehicle while under the influence of intoxicating liquor or a controlled substance. Subsection 5 of the statute increased the penalty of imprisonment and fine for a second-time offender. Subsection 6 of the statute provided that a third-time offender under the statute was guilty of a felony, thereby increasing the potential imprisonment and fine. See MCL 257.902; MSA 9.2602. Neither subsection 5 nor subsection 6 of the statute modified the provision of subsection 4 that costs may be imposed upon a person found guilty of operating a motor vehicle while under the influence of intoxicating liquor or a controlled substance.

When more than one interpretation of a statute is possible, we must assume that the Legislature had the most probable and reasonable intention. *People v Schneider,* 119 Mich App 480, 485; 326 NW2d 416 (1982). A statute must also be construed

to avoid absurd or unreasonable results. *Id.,* 486. It would lead to an unreasonable result to interpret the statute as permitting the assessment of costs for a first-time offender, but not for repeat violators.[1]

Affirmed.

---

[1] MCL 257.625; MSA 9.2325 was amended by 1991 PA 98, effective August 9, 1991. As amended, subsection 7 of the statute now specifically provides that, in addition to imposing the sanctions of subsections 4, 5, and 6 of the amended statute, the court may also order a person violating those sections to pay the costs of prosecution.