PEOPLE v MILLER

Docket No. 156613. Submitted April 12, 1994, at Grand Rapids. Decided September 6, 1994, at 9:40 A.M.

Bradley C. Miller pleaded guilty in the Barry Circuit Court, Richard M. Shuster, J., of operating a vehicle while under the influence of intoxicating liquor or a controlled substance, third offense. The court sentenced him to the maximum possible term of imprisonment, forty to sixty months, a fine of $3,500, and costs of $1,500. The defendant appealed by leave granted.

The Court of Appeals *held:*

1. The imposition of the fine in addition to the maximum term of imprisonment was authorized by statute and was proportionate punishment.

2. The fine imposed did not violate the clauses of the Michigan and federal constitutions prohibiting excessive fines, nor did it violate all standards of reasonableness in view of the defendant's criminal history and the Legislature's purpose in authorizing hefty fines for repeat offenders.

3. Despite the fact that at the time of the defendant's conviction the statutory language permitting a court to order a convicted defendant to pay costs was in the subsection of the statute dealing with first-time offenders, it is clear that the Legislature intended that courts also be authorized to order repeat offenders to pay court costs. The imposition of court costs was not error.

4. The trial court's imposition of the maximum term of imprisonment authorized was not based on improper considerations regarding the practices of the Department of Corrections and is supported by the record.

Affirmed.

REFERENCES

Am Jur 2d, Automobiles and Highway Traffic, § 310; Costs, § 100; Criminal Law, §§ 604, 613-615, 1044, 1049.

Items of costs of prosecution for which defendant may be held. 65 ALR2d 854.

Supreme Court's construction and application of excessive fines clause of Federal Constitution's Eighth Amendment. 106 L Ed 2d 729.

1. INTOXICATING LIQUORS — AUTOMOBILES — SENTENCES.

A person who is convicted of operating a vehicle while under the influence of intoxicating liquor or a controlled substance, third-offense, may be sentenced to both a fine and a term of imprisonment (MCL 257.625[6], 257.902; MSA 9.2325[6], 9.2602).

2. SENTENCES — FINES — EXCESSIVENESS.

The question of excessive fines necessarily involves a consideration of the purpose sought to be accomplished by the Legislature in authorizing the fines and of the seriousness of the problem with which it undertook to deal.

3. INTOXICATING LIQUORS — AUTOMOBILES — SENTENCES — COSTS.

The statute that imposes penalties for driving under the influence of intoxicating liquor or a controlled substance, even before its 1991 amendment, authorized a sentencing court to order repeat offenders to pay court costs in addition to imposing a fine or a sentence (1991 PA 98; MCL 257.625; MSA 9.2325).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Dale A. Crowley,* Prosecuting Attorney, and *Carole F. Barnett,* Assistant Attorney General, for the people.

State Appellate Defender (by *Sheila N. Robertson*), for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and HOOD and S. B. MILLER,* JJ.

MICHAEL J. KELLY, P.J. Defendant pleaded guilty of operating a vehicle while under the influence of intoxicating liquor or a controlled substance (OUIL), third offense, MCL 257.625(6); MSA 9.2325(6). The circuit court sentenced defendant to the maximum possible term of imprisonment, forty to sixty months, and imposed a fine of $3,500 and costs of $1,500. Defendant now appeals by leave granted. We affirm.

Defendant first argues that the $3,500 fine in addition to the maximum term of imprisonment

---

* Circuit judge, sitting on the Court of Appeals by assignment.

constitutes a violation of the principle of proportionate punishment set forth in *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). We disagree. The imposition of both a fine and a term of imprisonment is provided for in MCL 257.902; MSA 9.2602:[1]

> Any person who is convicted of a violation of any of the provisions of this act declared to constitute a felony [MCL 257.625(6); MSA 9.2325(6)], unless a different penalty is expressly provided herein, shall be punished by imprisonment for not less than 1 year nor more than 5 years, or by a fine of not less than $500.00 nor more than $5,000.00, or by both such fine and imprisonment.

Defendant's punishment falls short of the $5,000 maximum fine possible under this statutory provision. The punishment is proportionate not only to the severity of the crime committed but also to defendant's criminal background. The trial court properly considered all pertinent factors.

Defendant also contends that his fine violates the excessive fines clauses of the Michigan and federal constitutions, Const 1963, art 1, § 16; US Const, Am VIII. In *People v Wolfe,* 338 Mich 525, 540; 61 NW2d 767 (1953), our Supreme Court stated that the question of excessive fines "necessarily involves a consideration of the purpose sought to be accomplished by the legislature and of the seriousness of the problem with which it undertook to deal." The hefty fines provided for in MCL 257.902; MSA 9.2602 represent the Legisla-

[1] On January 1, 1992, a new statutory scheme for OUIL offenses under MCL 257.625; MSA 9.2325 took effect, superseding the scheme that applies to defendant's March 1991 violation. 1991 PA 98. The punishment provision cited here is now incorporated into MCL 257.625(6); MSA 9.2325(6).

ture's response to those persons who ignore lessons of leniency after a previous conviction.

Defendant urges this Court to take into consideration his financial status in determining whether the fine is excessive. See *Hindt v State,* 421 A2d 1325, 1333 (Del, 1980), citing *State v Trailer Service, Inc,* 61 Wis 2d 400, 409; 212 NW2d 683 (1973), for the proposition that determining excessiveness of a fine in a constitutional sense includes consideration "in some instances [of] the ability of the accused to pay." Although defendant has enjoyed only seasonal employment as an asphalt layer and has no significant assets, we do not believe that a $3,500 fine violates all standards of reasonableness in view of defendant's criminal history and the legislative purpose of the fine.

Defendant's next argument is that the circuit court lacked the authority under MCL 257.902; MSA 9.2602 to impose costs. Defendant correctly points out that first-time OUIL offenders under MCL 257.625(4); MSA 9.2325(4) may be subject to costs while MCL 257.625(6); MSA 9.2325(6),[2] via MCL 257.902; MSA 9.2602, does not expressly provide the same for three-time offenders. On this ground, the prosecution concedes that the portion of defendant's sentence requiring him to pay costs should be vacated. However, an order vacating that portion of defendant's sentence would contravene the holding in *People v Cousins,* 196 Mich App 715; 493 NW2d 512 (1992). There, this Court held that costs may be imposed under MCL 257.625(6); MSA 9.2325(6) because it would be unreasonable to interpret the OUIL provisions as authorizing costs for a first-time offender but not

[2] Since the time of defendant's offense, MCL 257.625; MSA 9.2325 has undergone significant modification. 1991 PA 98, § 1 effective January 1, 1992.

for repeat violators.[3] Although defendant submits that the *Cousins* decision is erroneous, it is precedential under Administrative Order No. 1994-4.

Finally, defendant argues that he is entitled to resentencing because his sentence was based on inaccurate legal and factual information in the presentence information report (PSIR) with regard to the potential for early release. The PSIR recommended the maximum term of imprisonment because defendant would "continue to be a threat to the public" and it would be "entirely probable" that he would be released back into the community by the Department of Corrections after a short period of time. Although a sentencing court may not impose a lengthy sentence solely out of concern that the Department of Corrections will grant a legislatively authorized early release, *People v Fleming,* 428 Mich 408, 422; 410 NW2d 266 (1987); *People v McCracken,* 172 Mich App 94, 102; 431 NW2d 840 (1988), we cannot say that such concern motivated the trial court to impose the maximum term of imprisonment. In contrast to *Fleming, supra,* where the trial court cited the defendant's possible early release as a reason for departing from the Sentencing Guidelines, and *McCracken, supra,* where the trial court's comments revealed displeasure with the practices of the Department of Corrections, the record in this case contains no evidence of improper considerations by the trial court. The court cited defendant's criminal background and the public danger posed by his drinking and driving habits as reasons for defendant's sentence. There was no impro-

[3] As noted in footnote 1, *supra,* 1991 PA 98 amended MCL 257.625; MSA 9.2325, effective January 1, 1992. Subsection 7 of the amended statute specifically provides that, in addition to imposing the sanctions prescribed under subsections 4, 5, and 6, the court may also order a person violating those sections to pay the costs of prosecution.

priety in imposing a maximum term of imprisonment regardless of the practices of the Department of Corrections.

Affirmed.