# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

              Plaintiff-Appellee,

v

KEVIN PATRICK TITUS,

              Defendant-Appellant.

UNPUBLISHED
February 15, 2018

No. 336352
Chippewa Circuit Court
LC No. 15-001856-FH

---

PEOPLE OF THE STATE OF MICHIGAN,

              Plaintiff-Appellee,

v

STACY MARION LINKLATER,

              Defendant-Appellant.

No. 337177
Chippewa Circuit Court
LC No. 16-001989-FH

---

Before: MARKEY, P.J., and M. J. KELLY and CAMERON, JJ.

PER CURIAM.

In Docket No. 336352, defendant Kevin Titus pleaded guilty to reckless driving causing death, MCL 257.626(4), and was sentenced to 10 to 15 years' imprisonment. In Docket No. 337177, defendant Stacy Linklater pleaded no contest to operating a vehicle while intoxicated causing death, MCL 257.625(4), and also was sentenced to 10 to 15 years' imprisonment. This Court granted each defendant's delayed application for leave to appeal and later consolidated the two appeals.[1] We vacate each defendant's sentence and remand for resentencing.

## I. UNDERLYING FACTS AND PROCEDURAL HISTORIES OF THE CASES

---

[1] *People v Titus*, unpublished order of the Court of Appeals, entered December 19, 2017 (Docket No. 336352); *People v Linklater*, unpublished order of the Court of Appeals, entered December 19, 2017 (Docket No. 337177).

-1-

Defendants' convictions arise from separate incidents in Chippewa County, Michigan. At his guilty plea, defendant Titus admitted that he was driving an 18-wheel tractor trailer on I-75 in Sault Ste. Marie, Michigan, and when approaching a toll plaza at the International Bridge, he was looking at his cell phone and not paying attention to the road. As a result, defendant Titus crashed into several vehicles, causing the death of one person and severe injuries to several others. In exchange for defendant Titus's plea, the prosecution agreed to dismiss two additional counts of reckless driving causing serious injury, MCL 257.626(3).

Defendant Linklater was driving a vehicle after consuming several beers at a restaurant. Her southbound car crossed the center line of the road and struck head on a northbound vehicle. The northbound vehicle was occupied by 19-year-old Jared Baragwanath and 19-year-old Jocelyn Preville. Baragwanath "received critical injuries from the accident" and died two days later "due to hypoxic brain injury and multiple blunt force traumas" received in the accident. Preville was taken to a nearby hospital for a closed head injury and contusions all over her body. She was released from the hospital after several days but still suffered residual effects from the collision. A laboratory analysis of defendant Linklater's blood taken shortly after the accident revealed that she had a blood alcohol content of .179 grams of alcohol per 100 milliliters of blood. In addition, THC, the chemical constituent of marijuana, was found in her blood stream.

The two defendants were sentenced on separate dates by the same trial court judge. The scoring of each defendant's sentencing guidelines produced a recommended minimum sentence range of 29 to 57 months. Neither defendant had a prior criminal history.

At defendant Titus's sentencing hearing, the court heard from several of the injured victims; they expressed continued emotional distress and physical effects from the accident, as well as economic loss. Titus expressed remorse for his actions.

At defendant Linklater's sentencing, the court heard from Preville, who expressed grief over the loss of her close friend Baragwanath. The court also heard from Baragwanath's father who explained the emotional distress to the family since Baragwanath's death. Linklater apologized to the victims and their families and expressed remorse for her conduct. The court also reviewed 15 letters submitted in support of Linklater's remorse, character, and integrity.

In both cases, the trial court departed from the recommended minimum sentence range of 29 to 57 months and imposed a maximum sentence of 10 to 15 years' imprisonment.

The trial court explained its decision to sentence defendant Titus as follows:

> The court cannot ignore that the Michigan Legislature has sent a strong single [sic, presumably "signal"] of its view of the seriousness of the offense by causing death by reckless driving by providing a maximum sentence of 15 years for imprisonment. In the circumstances the court must give effectivity to the intent of the mood of the Michigan Legislature expressed through legislation.
>
> * * *
>
> By definition [this crime] is one which always gives rise to the extremely serious harm, the death of a victim. . . . On the other hand an offender of reckless driving did not intend to cause a death and serious injuries to other . . . even in this extreme case where the defendant was distracted by deliberating [sic,

presumably "deliberately"] viewing his newsfeed on Facebook. The fact that someone died and others were seriously injured is relevant to the sentence.

. . . [T]he defendant not only caused the death but serious injuries to others. The defendant in this case knowingly put more than one person at risk and the occurrence was reasonably foreseeable. In this case the death and serious injuries to other is an aggravating factor.

Also the defendant was viewing his Facebook and not paying attention to his driving aggravates the seriousness of this offense. The defendant's proper course of action was to not view his Facebook while driving.

. . . The significant aggravating circumstances contributing to the acts in the present case is a fact the defendant, by his own admission, was driving while looking at his newsfeed on Facebook in total disregard of his driving responsibility.

The trial court provided the following reasons for imposing a maximum sentence of 10 to 15 years for defendant Linklater:

It has been represented to the court by [Linklater's attorney] that Defendant Stacy Linklater is of good character and indeed the presentencing report has not identified anything to the contrary.

Section 257.625[(4)], so far as relevant, reads as follows. A person who operates a vehicle while intoxicated causing death is guilty of a felony punishable by imprisonment by not more than fifteen years or a fine of not; [sic] less than $2,500.00 or more than $10,000.00 or both.

The court cannot ignore that the Michigan Legislature has sent a strong signal of its view of the seriousness of the offense of causing death by operating a motor vehicle while intoxicated by providing for a maximum sentence of fifteen years of imprisonment. In the circumstances the court must give efficacy to the intent of the mood of the Michigan Legislature expressed through legislation.

I would opine that unless good reason or special circumstances exists an offender convicted of causing death by operating a motor vehicle while intoxicated must expect a custodial sentence upon conviction. This offense causes particular difficulty, causes particular difficulty for sentencer.

By definition it is one which always gives rise to the extremely seriousness of the harm, the death of a victim. Understandably, this often leads to calls from the family of the victim and from the wider community for tough sentencing.

On the other hand, an offender of operating a motor vehicle while intoxicated did not intend to cause a death and serious injury to other; but even

though the defendant may not have intended to cause a death or serious injury it must be noticed that a result of persons operating a vehicle while intoxicated causing death.

Two hundred and fifty thousand people have died in alcohol related incidents in the last ten years. In other words, approximately twenty five thousand people die annually in alcohol related events. Every fifty three minutes someone is killed by a drunk driver and this is an extremely preventable crime. You don't drink and drive.

The fact that a person died and another was seriously injured is relevant to the sentence. But the primary consideration must always be to the culpability of the offender.

Three points deserve particular attention. First, the defendant not only caused death but serious injury to another. The defendant in this case knowingly put the decedent and his passenger at risk by operating a motor vehicle while intoxicated in excess of twice the legal limit. As such the occurrence was reasonably (sic) foreseeable.

In this case, the death and serious injury to another is an aggravating factor. Also the fact that the defendant was operating a vehicle with THC in her blood aggravates the seriousness of this offense. The material and foreseeable consequences of the defendant's actions are dangerous to life and the defendant acted with conscious disregard for these dangers. Road fatalities must be treated with enhanced seriousness by the court.

\* \* \*

Taking all of these matters as I've stated into consideration towards sentencing the court considers this case to be fit . . . for the maximum sentence the court can impose by statute which in this case is ten years.

Therefore it is the order and disposition of this court Ms. Linklater that you be sentenced to the term, to the (sic) Michigan Department of Corrections for a period of ten years to fifteen years with credit for eleven days served

\* \* \*

First and foremost Ms. Linklater this sentence is punitive in nature. It is for the protection of society. It's to serve as a deterrent effect and I hope it has that effect. And it's to allow you the opportunity to rehabilitate yourself in the Michigan Department of Corrections and I hope you take advantage of those opportunities.

Both defendants argue on appeal that the trial court abused its discretion by departing from the sentencing guidelines recommended minimum sentence range and imposing sentences that are unreasonable and disproportionate.

## II. APPLICABLE LEGAL PRINCIPLES

Although Michigan's sentencing guidelines are only advisory, a trial court must still "determine the applicable guidelines range and take it into account when imposing a sentence." *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). "A sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." *Id.* at 392. "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), 'which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.' " *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 453 (2017). The principle of proportionality recognizes that "the Legislature, in setting a range of allowable punishments for a single felony, intended persons whose conduct is more harmful and who have more serious prior criminal records to receive greater punishment than those whose criminal behavior and prior record are less threatening to society." *Milbourn*, 435 Mich at 651.

Circumstances insufficiently accounted for in the guidelines and factors that are not considered by the guidelines are appropriate considerations in determining the proportionality of a sentence imposed. *People v Houston*, 448 Mich 312, 324-325; 532 NW2d 508 (1995). "A departure from the recommended range in the absence of factors not adequately reflected in the guidelines should alert the appellate court to the possibility that the trial court has violated the principle of proportionality and thus abused its sentencing discretion." *Milbourn*, 435 Mich at 660. Nonetheless, "[i]n some cases, there may be important sentencing factors that are not included in the sentencing guidelines." *Id.* But "[e]ven where some departure appears to be appropriate, the extent of the departure (rather than the fact of the departure itself) may embody a violation of the principle of proportionality." *Id.*

A person guilty of reckless driving causing death is subject to a statutory maximum sentence of 15 years in prison. MCL 257.626(4). A person who operates a vehicle while intoxicated and causes the death of another person is similarly subject to a statutory maximum sentence of 15 years in prison. MCL 257.625(4)(a). Pursuant to MCL 769.34(2)(b) "[t]he court shall not impose a minimum sentence, including a departure, that exceeds 2/3 of the statutory maximum sentence." MCL 769.34(2)(b). Thus, both defendants were subject to a statutory maximum sentence of 15 years, and each received a 10-year minimum sentence, the highest minimum sentence that a court could impose.

### A. APPLICATION TO DEFENDANT TITUS

The gravity of defendant Titus's crime is not at dispute. Defendant Titus concedes that his crime is serious: a victim died. That defendant Titus received 80 total offense variable (OV) points, more than the 75 points necessary to place him in the highest level of offense severity for a Class C felony and for beyond which the guidelines make no provision, MCL 777.64, indicates that this is a serious manifestation of that offense. Defendant Titus admitted crashing into several vehicles; the drivers of the other vehicles could do nothing to avoid a collision because they were waiting in line at a toll booth. Additionally, the accident caused several victims to suffer extremely severe injuries just short of death.

The trial court cited the death of a victim and serious injuries to other victims as aggravating circumstances that required a departure from the guidelines. But the death of a victim is not itself an aggravating circumstance. Indeed, it is an element of the offense of reckless driving causing death. MCL 257.626(4). Although defendant Titus also caused serious injuries to other victims, the guidelines sufficiently accounted for that in the scoring of OVs 3 and 9. Defendant Titus raised no objection to a score of 25 points for OV 3, which is what MCL 777.33(1)(c) prescribes where the offender caused a victim to suffer from a "life threatening or permanent incapacitating injury." Nor did defendant Titus object to the 25 points he was assessed under OV 9, which MCL 777.39(1)(b) prescribes where "there were 10 or more victims who were placed in danger of physical injury or death, or 20 or more victims who were placed in danger of property loss."

The trial court stated that another aggravating circumstance was that "defendant [Titus] . . . was driving while looking at his newsfeed on Facebook in total disregard of his driving responsibility." But operating a vehicle with great disregard for the safety of other persons or property is an element of the offense. MCL 257.626(2) and (4). Further, defendant Titus was assessed 10 points under OV 17, which MCL 777.47(1)(a) prescribes where "[t]he offender showed a wanton or reckless disregard for the life or property of another person." Accordingly, defendant Titus's recklessness was taken into account by the guidelines. They should not be considered aggravating factors for purposes of imposing an upward departure sentence.

Plaintiff implies that points could have been scored under OV 5, which concerns psychological injury to victims' family members, see MCL 777.35, and that this Court should bear that in mind when evaluating the departure sentence. It is beyond the scope of permissible appellate review to consider the guidelines scoring in this case as if it included points for an OV the sentencing court actually, and without objection, scored at zero, or otherwise consider justification for the sentencing decision beyond what the sentencing court provided. *People v Smith*, 482 Mich 292, 314 n 50; 754 NW2d 284 (2008) (noting that "appellate courts may not review the record to search for reasons to uphold a sentence that the trial court failed to justify").

Even if some departure from the guidelines range were justified, if the trial court fails to adequately justify the extent of the departure imposed, this Court must remand for resentencing. *Steanhouse*, 500 Mich at 476. In other words, the trial court is required to explain why the sentence imposed is more proportionate to the offense and the offender than a different sentence would have been. *Smith*, 482 Mich at 311. In this case, the trial court articulated the reasons for the sentence imposed, but it failed to connect those reasons to the extent of the chosen departure.

For these reasons, we conclude that the trial court abused its discretion by imposing the maximum authorized sentence in excess of the guidelines recommendation without adequate justification. Accordingly, we vacate defendant Titus's sentence and remand for resentencing.

## B. APPLICATION TO DEFENDANT LINKLATER

The trial court expressed its view that a maximum sentence of 10 to 15 years' imprisonment was necessary to comport with the intent and "mood" of the Legislature to punish offenders for conduct involving the operation of a vehicle while intoxicated and causing another

person's death.  We agree that the intent of the Legislature plays an important role in determining a proportionate sentence.  In *Milbourn*, 435 Mich at 636, our Supreme Court explained:

> The Legislature in establishing differing sentence ranges for different offenses across the spectrum of criminal behavior has clearly expressed its value judgments concerning the relative seriousness and severity of individual criminal offenses.  This statutory sentencing scheme embodies the "principle of proportionality" according to which sentences are proportionate to the seriousness of the matter for which punishment is imposed.  In our judgment, it is appropriate—if not unavoidable—to conclude that, with regard to the judicial selection of an individual sentence within the statutory minimum and maximum for a given offense, the Legislature similarly intended more serious commissions of a given crime by persons with a history of criminal behavior to receive harsher sentences than relatively less serious breaches of the same penal statute by first-time offenders.  We believe that the Legislature's purpose is best served by requiring judicial sentencing discretion to be exercised according to the same principle of proportionality that has guided the Legislature in its allocation of punishment over the entire spectrum of criminal behavior.

Defendant Linklater was convicted of violating MCL 257.625, which makes delineations based on the harm that ensued from the offense.  Subsection (4) of the statute authorizes heightened punishment when drunk driving causes the death of a victim, with the maximum sentence for such an offense being 15 years.  MCL 257.625(4)(a).  In contrast, subsection (5) states that if the drunken driving causes serious impairment to a victim, then the maximum punishment would be five years.  MCL 257.625(5)(a).  By causing the death of another person, Linklater became subject to the higher penalty.  But that does not mean that the Legislature contemplated or intended that a maximum sentence of 10 to 15 years' imprisonment be imposed in every such situation.  Had that been its intent, the Legislature would have required a *mandatory minimum* sentence for an offender who operates a vehicle under the influence of alcohol and causes another person's death.  It still remains incumbent upon the trial court to determine an appropriate minimum sentence by applying the principle of proportionality from *Milbourn*.

The trial court appropriately labeled as "serious" conduct involving driving while intoxicated and causing the death of another person.  But the trial court ignored that these two factors, in addition to being elements of the offense of which defendant Linklater was convicted, are also accounted for in the sentencing guidelines.  The Legislature has incorporated the principle of proportionality into the sentencing guidelines.  See *People v Babcock*, 469 Mich 247, 263-264; 666 NW2d 231 (2003).  Defendant Linklater received a 50-point score for OV 3 specifically because a victim was killed and death resulted from the commission of a crime that involved the operation of a vehicle while the offender was under the influence of alcohol.  MCL 777.33(2)(c).  In addition, defendant Linklater was assessed 15 points for OV 18, which is the appropriate score when an offender operates a vehicle "when his or her bodily alcohol content was 0.15 grams or more but less than 0.20 grams per 100 milliliters of blood."  MCL 333.48(1)(b).  Together, the scoring of OVs 3 and 18 accounted for the fact that defendant Linklater was operating a vehicle with a blood alcohol level of 0.179 and caused the death of

another person. Because these factors are accounted for in the scoring of the statutory OVs, which are intended to account for the seriousness of an offense, it was improper for the court to rely on these same factors a second time as denoting the "mood" of the Legislature and to justify a departure sentence of more than twice the high end of the sentencing guidelines range.

The trial court also cited as aggravating factors the fact that defendant Linklater's conduct caused injuries to another person and that she also had THC in her system. These factors do not appear to be accounted for in the scoring of the guidelines. We note, however, that there is no information indicating how long the THC had been in defendant Linklater's system, or what effect, if any, it had on her driving. To the extent that these factors may support some departure from the sentencing guidelines range, we cannot conclude that they justify a maximum sentence that is more than double the high end of the sentencing guidelines range.

Moreover, in assessing proportionality and reasonableness, the court must also consider the background of the offender. Defendant Linklater had no prior convictions of any kind or any alcohol-related arrests. She showed remorse at sentencing, and she took responsibility for her actions by pleading no contest to the charge without any bargain for sentencing leniency. Further, the trial court reviewed 15 letters submitted in support of Linklater's remorse, character, and integrity. The trial court acknowledged at sentencing that there was no evidence to refute Linklater's "good character." The trial court focused solely on the circumstances of the offense to justify imposing the maximum sentence allowed. The court's imposition of a maximum sentence on defendant Linklater, a first-time offender who had expressed remorse for her conduct and had significant community support, leaves no room for the principle of proportionality to operate against more serious offenders who, for example, have shown a propensity to drink and drive again. See, e.g., *People of Solmonson*, 261 Mich App 657, 669; 683 NW2d 761 (2004), and *People v Miller*, 206 Mich App 638, 639; 522 NW2d 697 (1994).

For these reasons, we conclude that defendant Linklater's sentence of 10 to 15 years' imprisonment is disproportionate and, in turn, unreasonable. Therefore, we vacate defendant Linklater's sentence and remand for resentencing.

Defendant Linklater also argues that a different judge should undertake her resentencing because of the high emotions of the case. In *People v Evans*, 156 Mich App 68, 72; 401 NW2d 312 (1986), quoting *United States v Sears, Roebuck & Company, Inc.*, 785 F2d 777, 780 (CA 9, 1986), this Court set forth three considerations to weigh when deciding whether resentencing should occur before a different judge:

> "(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness."

In this case, although the sentencing judge expressed previous views about the punitive nature of this punishment and the legislative intent on harsh punishments, we are not persuaded that the judge would have substantial difficulty putting these views "out of his mind." Further,

reassignment is not necessary to preserve the appearance of justice. Therefore, we decline defendant Linklater's request that resentencing occur before a different judge.

We vacate both defendant Titus's sentence in Docket No. 336352 and defendant Linklater's sentence in Docket No. 337177 and remand both cases for resentencing. We do not retain jurisdiction.

/s/ Jane E. Markey
/s/ Michael J. Kelly
/s/ Thomas C. Cameron