*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DOMONIC MARQURIS-ROSS KEY,

Defendant-Appellant.

UNPUBLISHED
September 19, 2025
9:55 AM

No. 368943
Wexford Circuit Court
LC No. 2023-013585-FH

Before: SWARTZLE, P.J., and GARRETT and YATES, JJ.

PER CURIAM.

Defendant was convicted of possession of methamphetamine, MCL 333.7403(2)(b)(*i*). On appeal, defendant challenges the constitutionality of his court-ordered fines, costs, and assessments. We affirm.

A jury found defendant guilty of possession of 1.3841 grams of methamphetamine. During the sentencing hearing, defendant explained that he would "be able to get and maintain work, even with these charges." The trial court sentenced defendant, as a second-offense habitual offender, MCL 769.10, to serve 210 days in jail. Further, the trial court ordered defendant to pay $68 in state-minimum costs under MCL 769.1k(1)(a); $130 for the crime victim's rights fund under MCL 780.905; $300 in court costs under MCL 769.1k(b)(*iii*); $300 in attorney fees; and a $1,000 fine, for a total of $1,798.

Defendant now appeals the constitutionality of his fines, costs, and fees.

Defendant did not raise these challenges in the trial court. We review unpreserved issues for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). To avoid forfeiture under the plain-error rule, a defendant must demonstrate that an error occurred, that the error was clear or obvious, and that the error affected substantial rights. *Id.* at 763. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* at 763-764 (cleaned up).

First, defendant argues that the imposed costs and fines were excessive. Our federal and state Constitutions each prohibit the imposition of excessive fines. US Const, Am VIII; Const 1963, art 1, § 16. Further, the "principle of proportionality requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 474; 902 NW2d 327 (2017) (cleaned up). This principle applies to fines. *People v Antolovich*, 207 Mich App 714, 719; 525 NW2d 513 (1994), superseded by statute on other grounds.

In *Antolovich*, this Court explained:

In determining whether a fine authorized by statute is excessive in the constitutional sense, due regard must be had to the object designed to be accomplished, to the importance and magnitude of the public interest sought to be protected, to the circumstances and nature of the act for which it is imposed, to the preventive effect upon the commission of the particular kind of crime, and in some instances to the ability of accused to pay, although the mere fact that in a particular case accused is unable to pay the fine required to be assessed does not render the statute unconstitutional. [*Id*. at 717 (cleaned up).]

Defendant was convicted under MCL 333.7403(2)(b)(*i*), which exposed him to potential imprisonment of up to 10 years and "a fine of not more than $15,000.00." The trial court's total court-ordered payment of $1,798 in costs, fines, and fees was well below the maximum potential financial penalty for defendant's conviction. Further, the total was not disproportionate when considered in relation to defendant's offense or ability to pay. Although the trial court did not focus at sentencing on defendant's ability to pay, defendant reported having employment opportunities. The ordered payment was not unreasonable or disproportionate under the circumstances, see, e.g., *People v Miller*, 206 Mich App 638, 641; 522 NW2d 697 (1994), and defendant has not demonstrated plain error.

Next, defendant argues that the costs and fees that the trial court ordered under MCL 769.1j, MCL 769.1k, and MCL 780.905 are unconstitutional because they do not fund public libraries as required by the Michigan Constitution.[1] Our Michigan Constitution provides, in relevant part, that "[a]ll fines assessed and collected in the several counties, townships and cities for any breach of the penal laws shall be exclusively applied to the support of such public libraries, and county law libraries as provided by law." Const 1963, art 8, § 9. Under MCL 769.1k(1)(a), a trial court "shall impose the minimum state costs as set forth in [MCL 769.1j]" when sentencing a defendant. MCL 769.1j(1)(a) provides that a person convicted of a felony shall be assessed, at minimum, $68 in costs. These minimum costs are paid to the justice system fund. MCL 769.1j(2). Further, the trial court may impose any fines authorized by statute for the violation of which the defendant was convicted, any costs authorized by statute for which the defendant was convicted, and "any cost reasonably related to the actual costs incurred by the trial court." MCL 769.1k(1)(b)(*i*)-(*iii*). MCL

---

[1] The prosecutor argues on appeal that defendant lacks standing to challenge the allocation of these payments. We will assume for purposes of this appeal that defendant has standing.

780.905(1)(a) provides for an assessment of $130 for felony convictions. This assessment is "used to pay for crime victim's rights services." MCL 780.905(4).

A panel of this Court recently addressed this same challenge in *People v Carter*, unpublished per curiam opinion of the Court of Appeals, issued May 15, 2025 (Docket No. 365224), p 6, lv pending,[2] and explained that, even if fees, costs, and assessments ordered as part of a sentence are considered "fines" for purposes of an excessive-fines inquiry, that is not the case in every constitutional context. In *People v Earl*, 495 Mich 33, 40; 845 NW2d 721 (2014), our Supreme Court explained that "the terms 'fine' and 'assessment' have different and distinct meanings: criminal fines are generally responsive to the conduct which they intend to punish, while assessments are imposed in accordance with a predetermined flat rate." The Court held that the crime victim's rights assessment, under MCL 780.905, is imposed at sentencing, but is nonpunitive. *Id*. at 41, 49. Accordingly, in this case, the imposition of the $130 payment for the crime victim's rights fund did not constitute a fine for purposes of Const 1963, art 8, § 9.

Further, this Court has held, when addressing the Ex Post Facto Clause, that court costs imposed under MCL 769.1k(1)(b)(*iii*) are not the same as "fines" designed to punish defendants for violating criminal statutes. *People v Konopka (On Remand)*, 309 Mich App 345, 372-373; 869 NW2d 651 (2015). Likewise, in this case, the $300 court costs, under MCL 769.1k(1)(b)(*iii*), are not fines for purposes of Const 1963, art 8, § 9. Finally, for the same reasons, the $68 state minimum in costs does not constitute a fine for the purposes of this constitutional provision. Accordingly, for these reasons and those more fully set forth in *Carter*, we conclude that the ordered payments were not unconstitutional.

Affirmed.

/s/ Brock A. Swartzle
/s/ Kristina Robinson Garrett
/s/ Christopher P. Yates

---

[2] Although unpublished cases are not binding on this Court, they may be considered as persuasive authority. *People v Swenor*, 336 Mich App 550, 563 n 7; 971 NW2d 33 (2021).