*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KIZZY NICKERSON,

Defendant-Appellant.

UNPUBLISHED
June 4, 2019

No. 342280
Wayne Circuit Court
LC No. 17-004206-01-FH

Before: SAWYER, P.J., and CAVANAGH and SERVITTO, JJ.

PER CURIAM.

Defendant, Kizzy Nickerson, appeals as of right her jury trial convictions for Explosives—Placing Offensive Substance with Intent to Injure, Causing Property Damage, MCL 750.209(1)(b); Explosives—Possession of Bombs with Unlawful Intent, MCL 750.210(2)(a); Arson—Preparation to Burn a Dwelling, MCL 750.79(1)(d)(vi); and Fourth-Degree Arson, MCL 750.75(1). The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to 10 to 20 years' imprisonment for each count, to be served concurrently. We affirm.

A Detroit police officer witnessed defendant throwing a lit Molotov cocktail toward the house of a local celebrity while on patrol. He and his partner extinguished the device on the front lawn and arrested defendant. She was wearing a backpack that contained two bricks similar to ones that had previously been thrown at the victim's home, and had a book of matches in her pocket. Defendant's DNA was later found on the Molotov cocktail materials, along with that of other individuals. Defendant's statements to the officers revealed that she knew who lived in the house.

Defendant first argues that her trial counsel was ineffective because he failed to adequately inform her of a plea offer. We disagree.

Because defendant did not move for a new trial or an evidentiary hearing in the trial court, our review is limited to mistakes apparent on the record. *People v Heft*, 299 Mich App 69,

80; 829 NW2d 266 (2012).[1]  Ineffective assistance of counsel claims present mixed questions of law and fact.  *People v Douglas*, 496 Mich 557, 566; 852 NW2d 587 (2014).  We review factual findings for clear error, and review questions of constitutional law de novo.  *Id.*

In order to prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-part test set forth in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984).  *People v Dendel*, 481 Mich 114, 124-125; 748 NW2d 859 (2008), amended on other grounds 481 Mich 1201 (2008), *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001).  First, a defendant must establish deficient performance by counsel.  *Dendel*, 481 Mich at 125.  An attorney's performance is deficient when counsel's representation "fell below an objective standard of reasonableness under prevailing professional norms."  *People v Riley*, 468 Mich 135, 140; 659 NW2d 611 (2003).  Second, a defendant must establish that he was so prejudiced by the deficient performance that, but for counsel's errors, the result of the proceeding would have been different.  *Dendel*, 481 Mich at 125; *Strickland*, 466 US at 687, *Carbin*, 463 Mich at 600.

Because a defendant has the burden of proving both deficient performance and prejudice, it is also part of his or her burden to establish the factual predicate for the claim.  *Dendel*, 481 Mich at 125.  Additionally, the defendant also bears the heavy burden of rebutting the presumption that his counsel's assistance was effective, as well as that the action challenged was a product of sound trial strategy.  *People v Plummer*, 229 Mich App 293, 308; 581 NW2d 753 (1998).

A defendant is entitled to the effective assistance of counsel during the plea-bargaining process.  *Douglas*, 496 Mich at 591-592 citing *Lafler v Cooper*, 566 US 156, 162; 132 S Ct 1376; 182 L Ed 2d 398 (2012).[2]  Defendant alleges that she was prejudiced because the defense counsel's ineffectiveness caused her to reject the plea offer.  Therefore, she has the burden to show that, "but for the ineffective advice of counsel there is a reasonable probability" that she would have accepted the offer, that there were no intervening circumstances that would have caused the prosecution to withdraw the offer, that the court would have accepted the terms of the offer, and that either the conviction or the sentence under the offer would have been less severe than the actual conviction and sentence were after trial.  *Douglas*, 496 Mich at 592, citing *Lafler*, 566 US at 163-164.

Defendant has provided no affidavit or offer of proof that would establish the factual predicate of her claim—that her attorney did not advise her adequately of the consequences of rejecting the plea deal.  And, the record contains nothing that would show that counsel failed to inform her of the consequences of accepting the plea deal.

---

[1] Following defendant's conviction, she moved for remand for a *Ginther*[1] hearing, but this Court denied the motion.

[2] Claims that a defense counsel failed to inform a defendant of the consequences inherent in accepting or rejecting a plea offer are subject to the same analysis as other claims of ineffective counsel.  *Hill v Lockhart*, 474 US 52, 58; 106 S Ct 366; 88 L Ed 2 203 (1985).

Defendant was present for all proceedings throughout the case. During a competency hearing prior to trial, the prosecutor brought up the plea agreement she had previously discussed with defense counsel. The specific plea offer was repeated on the record, in defendant's presence, and defense counsel informed the court that he and defendant had discussed the offer, and she was "still rejecting" the offer. Although defendant had the opportunity to speak up if she wanted more information or to accept the offer, she said nothing. Thereafter, defendant had additional opportunities to voice concerns about the plea agreement or to assert that she wished to accept the plea offer. During a final conference, for example, the trial court was again told that an offer had previously been made, and it had been placed on the record. Defendant voiced no concerns or objections. On the first day of trial, before a jury was selected, defense counsel told the court that defendant did not wish to plead to anything, but that she requested that she have a bench trial rather than a jury trial. Defendant again remained silent during the discussion (during which the trial court denied her request to have a bench trial).

A claim that counsel was ineffective necessarily fails when the defendant cannot establish the factual predicate of his or her claim. *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999). Because defendant failed to do so here, she has failed to establish that defense counsel was ineffective on the basis of an allegedly uninformed plea offer or related consequences.

Defendant next asserts that counsel was ineffective for failing to pursue an insanity defense or make a claim that defendant was guilty but mentally ill. We disagree.

The failure to call witnesses or present evidence can constitute ineffective assistance of counsel only when it deprives the defendant of a substantial defense. *People v Daniel*, 207 Mich App 47, 58; 523 NW2d 830 (1994). A substantial defense is one that might have made a difference in the outcome of the trial. *Id*. A defense attorney is not, however, required to pursue a meritless defense. See, e.g., *People v Lloyd*, 459 Mich 433, 449-451; 590 NW2d 738 (1999).

A legal insanity affirmative defense requires proof that, "as a result of mental illness or being mentally retarded as defined in the mental health code, the defendant lacked 'substantial capacity either to appreciate the nature and quality or the wrongfulness of his or her conduct or conform his or her conduct to the requirements of the law.' " *People v Carpenter*, 464 Mich 223, 231; 627 NW2d 276, 280 (2001), quoting MCL 768.21a(1). By definition, legal insanity is such an "extreme of mental illness" that "criminal responsibility does not attach." *People v Ramsey*, 422 Mich 500, 513–14; 375 NW2d 297 (1985).

The defendant has the burden to establish insanity by a preponderance of the evidence. *Carpenter*, 464 Mich at 231, citing MCL 768.21a(3). In order to present evidence related to insanity at trial, a defendant must provide at least 30 days' written notice and submit to a court-ordered examination by a qualified professional. *Id*., citing *People v Toma*, 462 Mich 281, 292 n 6; 613 NW2d 694 (2000); MCL 768.20a(1), (2), (4). Either the defendant or the plaintiff may also obtain an independent psychiatric examination. *Carpenter*, 464 Mich at 231.

Here, defendant's attorney requested the court to appoint an independent forensic psychologist. The trial court issued an order appointing Dr. Michele Leno and specified that Dr. Leno was to address the issues of defendant's criminal responsibility and competency to stand trial. In her amended report, Dr. Leno concluded that defendant has a "severe mental illness that

could affect her judgment and lead her to act out antisocially and impulsively especially in the absence of proper treatment." However, she also stated that there was no record of defendant's treatment status around the time of the events that led to the charges in this case, and that the doctor was, therefore, "unable to speak with certainty to [defendant's] mental state in 2017" at the time of the offense.

In the absence of any evidence that she was legally insane at the time of the incident underlying this matter, defendant could not have met her burden to prove this affirmative defense by a preponderance of the evidence. *Carpenter*, 464 Mich at 230-231. Defense counsel's performance in not pleading an affirmative defense for which there was no evidence was not deficient; rather, it was objectively reasonable under the circumstances. Ineffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion or pursue a meritless defense. *Riley*, 468 Mich at 142.

With respect to pursuing a claim that defendant was guilty but mentally ill, defense counsel was precluded by the trial court from presenting defendant's history of psychiatric illness or Dr. Leno's statement at trial. While a defendant who does not meet the legal definition of insanity may not "present evidence of some mental abnormality to negate the specific intent required to commit a particular crime," a defendant may introduce evidence of mental abnormality if it is offered for a relevant purpose other than to establish lack of specific intent, subject to a limiting instruction. *People v Yost*, 278 Mich App 341, 354-355; 749 NW2d 753 (2008), citing *Carpenter*, 464 Mich at 232 and MRE 105.

First and foremost, a defendant may be found "guilty but mentally ill" only if the defendant *first* asserts a defense of insanity under the requirements set forth in MCL 768.20a. MCL 768.36. No defense of insanity consistent with the statutory requirements was provided due to a lack of a specific finding that defendant was legally insane at the time of the charged crimes. Second, as previously indicated, defense counsel made it clear that defendant advised that she did not wish to plead to *anything*, indicating that a plea of guilty but mentally ill, if offered, would have been rejected by defendant. Third, even if defendant had instructed defense counsel to enter that plea and the trial court accepted the plea (or if defendant had presented evidence at trial that she was mentally ill and the jury found her "guilty but mentally ill") defendant would still have been subject to the same sentence of 10 to 20 years in prison. MCL 768.36(3). This forecloses her ability to show the second element of her claim of ineffective assistance—prejudice. See, e.g., *Lloyd*, 459 Mich 433 at 451 (failure to obtain a verdict of guilty but mentally ill "would scarcely constitute prejudice" to a person convicted of first-degree murder, who would still serve life in prison). In sum, defendant has not met her burden of rebutting the presumption that her counsel's assistance was effective, nor has she established that counsel's decisions were anything less than a product of sound trial strategy. *Plummer*, 229 Mich App at 308.

Finally, defendant argues that the trial court denied defendant her constitutional right to raise her mental health as a defense. Again, we disagree.

Decisions to admit evidence, such as the mental health evidence in this case, are reviewed for an abuse of discretion, though preliminary questions of law regarding admissibility are reviewed de novo. *People v Jackson*, 498 Mich 246, 257; 869 NW2d 253 (2015). An abuse of

discretion occurs when a trial court "makes an error of law." *Id*. It is also an abuse of discretion when an outcome chosen by the court "falls outside the range of principled outcomes." *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

"A criminal defendant has both state and federal constitutional rights to present a defense . . . ." *People v Steele*, 283 Mich App 472, 488; 769 NW2d 256 (2009). It is an abuse of discretion for a judge to exclude evidence that tends to prove a defense. *Id*., 283 Mich App at 488-489. However, the right to present a defense, although a "fundamental element of due process," is not absolute. *People v Kowalski*, 492 Mich 106, 139; 821 NW2d 14 (2012), citing *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984). "The accused must still comply with 'established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.' " *Id*. (citation omitted).

Here, after hearing argument from both counsel, the trial court held, pursuant to *Carpenter*, *supra*, that the psychological evaluation was inadmissible because legal insanity was not a defense in this case. The court did not err in so holding, given that the primary argument for admission of the evaluation was to prove a lack of intent. Absent a legal insanity defense, a defendant may not "present evidence of some mental abnormality to negate the specific intent required to commit a particular crime." *Yost*, 278 Mich App at 354, citing *Carpenter*, 464 Mich at 232. In explaining its ruling, the court specifically stated that defendant could certainly bring the report to the jury "if you have a defense of insanity," and asked the prosecutor to have plaintiff's expert on hand for rebuttal "just in case he does bring forth that defense." Clearly, the trial court did not preclude defendant from presenting any defense allowed under the laws of this state and defendant did not argue below, and does not argue here, that there was any other proper purpose for which this evidence could be admitted, absent an insanity claim. There is thus no factual or legal basis for defendant's argument that the trial court prevented her from presenting a viable defense.

Affirmed.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto