*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

THEODORE PAUL WAFER,

Defendant-Appellant.

UNPUBLISHED
January 18, 2024

No. 363101
Wayne Circuit Court
LC No. 14-000152-01-FC

Before: CAVANAGH, P.J., and RICK and PATEL, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of second-degree murder, MCL 750.317, statutory involuntary manslaughter, MCL 750.329, and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was originally sentenced to 15 to 30 years' imprisonment for the second-degree murder conviction, 7 to 15 years' imprisonment for the statutory involuntary manslaughter conviction, and two years' imprisonment for the felony-firearm conviction. Our Supreme Court vacated defendant's involuntary manslaughter conviction on double jeopardy grounds, and remanded the case for resentencing because the sentencing guidelines range for his second-degree murder conviction decreased. *People v Wafer*, 509 Mich 31, 34; 983 NW2d 315 (2022) (*Wafer I*). On remand, the trial court imposed identical sentences for the second-degree murder and felony-firearm convictions. Defendant appeals as of right the amended judgment of sentence. We affirm.

## I. BACKGROUND

This case arises out of the November 2, 2013, shooting death of Renisha McBride in Dearborn Heights, Michigan. The Supreme Court summarized the facts as follows:

> This case arises out of the death of Renisha McBride. On the evening of November 1, 2013, McBride left her friend's home and crashed her vehicle into a parked car around 1:00 a.m. The owner of the parked car, seeing McBride walk away from the scene in an apparently injured state, called for an ambulance. McBride left before the ambulance arrived.

It is unclear what occurred from this point until McBride arrived at defendant's home half a mile away from the crash site some three hours later. But after 4:00 a.m., defendant awoke to the sound of banging on his door. Defendant testified that he was frightened and thought someone was trying to break into his home because his neighborhood had recently experienced an increase in crime and his vehicle had recently been vandalized. Defendant retrieved his shotgun from the closet, opened the home's front door a few inches (but kept the screen door shut), saw a person come toward the door, and raised his gun and shot. Defendant shot McBride in the face, killing her. Defendant called 911 at 4:42 a.m. and said that he "shot somebody on [his] front porch with a shotgun banging on [his] door."

At trial, defendant admitted to shooting McBride but asserted that it was in self-defense because he thought that McBride was trying to break into his home. Defendant was convicted of second-degree murder, statutory involuntary manslaughter, and carrying a firearm during the commission of a felony (felony-firearm). Defendant was sentenced to concurrent prison terms of 15 to 30 years for the second-degree murder conviction and 7 to 15 years for the manslaughter conviction, to be served consecutively to a 2-year term of imprisonment for the felony-firearm conviction. [*Wafer I*, 509 Mich at 35.]

Defendant appealed his jury trial convictions, which we affirmed. *People v Wafer*, unpublished per curiam opinion of the Court of Appeals, issued April 5, 2016 (Docket No. 324018), p 1. But we remanded the case for *Crosby*[1] proceedings in accordance with *People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015). *Id*. Defendant filed an application for leave to appeal, which was initially denied by the Supreme Court. *People v Wafer*, 501 Mich 986 (2018). After holding the case in abeyance pending the outcome of two other cases, the Supreme court granted reconsideration with respect to defendant's double jeopardy issue. *People v Wafer*, 505 Mich 1112 (2020). The Supreme Court ultimately vacated defendant's involuntary manslaughter conviction on double jeopardy grounds. *Wafer I*, 509 Mich at 34. This reduced the sentencing guidelines range for his second-degree murder conviction, so the Supreme Court remanded for resentencing. *Id*.

At the time of defendant's original sentencing, the guidelines range for his second-degree murder conviction was 180 to 300 months (15 to 25 years). On remand, his guidelines range had decreased to 144 to 240 months (12 to 20 years) for his second-degree murder conviction. At the resentencing hearing, defense counsel requested, at a minimum, that defendant's minimum sentence for second-degree murder be decreased to 12 years' imprisonment, which was the low-end of the updated guidelines' range. Defense counsel also advocated for a downward departure, arguing that a sentence below 12 years' imprisonment would be more proportional. The trial court acknowledged that the guidelines had decreased, but declined to depart from the original sentence. Defendant was sentenced to 15 to 30 years' imprisonment for second-degree murder and two

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

years' imprisonment for felony-firearm, which were identical to his 2014 sentences for those convictions. Defendant now appeals.

## II. ANALYSIS

Defendant argues that his sentence for his second-degree murder conviction is not proportionate to the offense or the offender, and further maintains that MCL 769.34(10) violates the Sixth Amendment of the United States Constitution and the Michigan Constitution. We disagree.

"This Court reviews the proportionality of a trial court's sentence for an abuse of discretion." *People v Lydic*, 335 Mich App 486, 500; 967 NW2d 847 (2021). A trial court abuses its discretion if the imposed sentence is not "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017) (cleaned up). "This Court generally reviews constitutional questions de novo." *People v Brown*, 294 Mich App 377, 389; 811 NW2d 531 (2011).

Preliminarily, defendant argues that we should hold MCL 769.34(10), under which we must generally affirm a within-guidelines sentence, unconstitutional. Since defendant filed his brief on appeal, our Supreme Court addressed the constitutionality of MCL 769.34(10), and a majority of the Court agreed that the first sentence of MCL 769.34(10) is unconstitutional. *People v Posey*, __ Mich __, __; __ NW2d __ (2023) (Docket No. 162373) (Opinion by BOLDEN, J.); slip op at 29-30; *Id.* at __ (CAVANAGH, J., concurring); slip op at 1; *Id.* at __ (WELCH, J., concurring); slip op at 2-3. The *Posey* majority struck "the portion of MCL 769.34(10) that requires appellate courts to affirm within-guidelines sentences . . . ." *Id.* at __ (BOLDEN, J.); slip op at 33-34; *Id.* at __ (WELCH, J., concurring); slip op at 2-3. "[D]efendants may challenge the proportionality of any sentence on appeal and . . . the sentence is to be reviewed for reasonableness." *Id.* at __ (BOLDEN, J.); slip op at 37. On appeal, there is a rebuttable presumption that within-guidelines sentences are reasonable and proportionate, provided they are not otherwise constitutionally defective, and "the defendant bears the burden of demonstrating that their within-guidelines sentence is unreasonable or disproportionate . . . ." *Id.* at __ (BOLDEN, J.); slip op at 36.

Although Michigan's sentencing guidelines are not mandatory, they "remain a highly relevant consideration in a trial court's exercise of sentencing discretion." *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015); see also *People v Steanhouse*, 500 Mich 453, 474-475; 902 NW2d 327 (2017). "Sentencing courts must . . . continue to consult the applicable guidelines range and take it into account when imposing a sentence." *Lockridge*, 498 Mich at 392; see also *Steanhouse*, 500 Mich at 475. "[T]he key test is whether the sentence is proportionate to the seriousness of the matter, not whether it departs from or adheres to the guidelines' recommended range." *People v Milbourn*, 435 Mich 630, 661; 461 NW2d 1 (1990). A within-guidelines sentence is presumptively proportionate. *Posey*, __ Mich at __ (BOLDEN, J.); slip op at 36.

In this case, defendant concedes that his 15-year minimum sentence for second-degree murder is within the guidelines range,[2] but argues that his sentence is disproportionate because it fails to account for mitigating factors, does not account for his advanced age or lack of a criminal record, and his offense lacks aggravating factors. At the time of his original sentencing, defendant was 55 years old. This Court has held that a defendant's advanced age is not sufficient to overcome the presumption of a proportionate sentence. See *People v Bowling*, 299 Mich App 552, 558; 830 NW2d 800 (2013). Defendant also argues that he did not have a serious criminal record. But this factor was properly reflected in the scoring of the guidelines. See MCL 777.55(1)(f). Defendant further contends that he was gainfully employed at the time of the offense and, once in prison, worked a job and received above-average evaluations. This Court has held that being employed is not sufficient overcome the presumption of proportionality. *People v Daniel*, 207 Mich App 47, 54; 523 NW2d 830 (1994). Defendant maintains that the characteristics of the offense also favor a sentence at the bottom of the guidelines range, but the circumstances of the offense are considered in the scoring of the guidelines. See *People v Babcock*, 469 Mich 247, 263-264; 666 NW2d 231 (2003).

The sentencing judge also presided over defendant's trial and thus was aware of the facts presented at trial. The trial court's conduct throughout the resentencing hearing demonstrated it was not seeking a purely punitive sentence. It was clear from the trial court's statements in support of the sentence that it thoroughly considered the circumstances of the offense, defendant's positive institutional behavior, and his rehabilitative potential. Ultimately, defendant failed to present any unusual circumstances sufficient to overcome the rebuttable presumption of proportionality. Accordingly, we cannot conclude the trial court's decision to impose the same sentence for defendant's second-degree murder conviction to be an abuse of discretion when the sentence fell within the lower half of the updated guidelines range.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Michelle M. Rick
/s/ Sima G. Patel

---

[2] Defendant does not allege any error in scoring the sentencing guidelines or that his sentence was based on inaccurate information.